FRANK LORD, petitioner, *vs.* CHARLES F. COLLINS.

Somerset. Opinion October 28, 1884.

*Animals. Liens. Stats. 1872, c. 27; 1873, c. 125.*

When animals have been sold by an officer on an execution issued upon a judgment rendered upon a petition to enforce the lien provided by statute for pasturing, feeding or sheltering animals, a second petition by the same party to enforce a lien for keeping the animals during the time intervening between the dates of the two petitions, commenced while the animals still remained in his possession, being prior to the time of seizure and sale by the officer, cannot be maintained, although there be a surplus arising from the proceeds of the sale after the satisfaction of the execution, which the officer had deposited with the clerk of courts in accordance with R. S., 1871, c. 91, § 45.

ON REPORT of the presiding justice.

The case and material facts are fully stated in the opinion.

*Thomas H. B. Pierce*, for the petitioner.

There was no appearance for the respondent.

FOSTER, J. This is a petition to enforce a lien for feeding and sheltering three colts from November 22, 1882, to April 18, 1883. The case discloses the following facts.

This petitioner, on the 16th day of October, 1880, verbally agreed with the respondent to feed and shelter three colts during the winter season then following for the specified sum of sixty dollars; the price was not paid, and the colts were not taken away, but remained in the petitioner's possession, and on the 22d day of November, 1882, he filed a petition returnable at the December term of this court for the county of Somerset, in which he claimed

a lien for feeding, sheltering and pasturing the said colts from the time they came into his possession to the date of the said petition, amounting to two hundred twenty-eight dollars and forty cents, with a credit of thirty dollars, leaving a balance of one hundred ninety-eight dollars and forty cents; notice thereon was duly ordered, and at the March term, 1883, the case was defaulted, judgment entered, and a decree for the lien "as prayed for, and for the sale of said colts by the sheriff of this county or either of his deputies for the payment thereof, and for costs." Execution issued April 12, 1883, and the officer in pursuance of the same, seized the colts on the 21st day of April, and thereafterwards sold the same in accordance with the provisions of the statute, receiving therefrom a surplus of one hundred sixteen dollars and thirty cents, above the amount necessary to satisfy the claim of the petitioner and the costs accruing thereon.

For the keeping and sheltering of said colts for twenty-one weeks, from the time of filing his first petition to the 18th day of April, three days prior to the time they were taken by the officer, amounting to ninety-five dollars, this second petition is brought substantially alleging the foregoing facts, and "for which sum as well as for his costs herein he claims a lien upon said animals by virtue of the provisions of chapter 125 of the laws of 1873, in addition to the judgment of lien in his behalf against said animals granted him as hereinbefore set forth."

The question is whether the statute authorizes a second petition, judgment, and order of court to enforce a lien upon the same animals in this form.

We think not. Liens are in derogation of the common law, and the court is not authorized to extend the law beyond the objects specifically provided for, or enforce a remedy provided by statute except in accordance with the terms thereof.

The petitioner claims the lien by virtue of the statute, public laws of 1872, c. 27, amended by the laws of 1873, c. 125, under which this process is brought to enforce it.

While we admit the doctrine that the remedy being granted by statute may be liberally construed, we must also hold that the remedy as one additional to the common law, if intended by the

legislature, should appear by express declaration or necessary implication. The proceedings are strictly *in rem*, and we are not called upon to determine the rights of these parties in any other process, or proceeding *in personam*.

The statute in force at the time of filing these petitions ran thus : "Whoever pastures, feeds or shelters animals by virtue of a contract with or by consent of the owner, has a lien thereon for the amount due for such pasturing, feeding or sheltering, to secure payment thereof with costs, to be enforced in the same manner as liens on goods and personal baggage by inn-holders or keepers of boarding-houses."

The remedy provided for inn-holders and keepers of boarding-houses, was, at that time, by petition to the court to enforce a sale of the goods and baggage of delinquent guests, as stated in R. S., 1871, c. 91, § 39, and sections following. Hence we are to look to those provisions of the statute for the measure and extent of any remedy sought by this petition. It will be noticed that the statute relating to the remedy of a party who pastures, feeds or shelters animals provides for a lien " thereon ;" that by § 40, of the statutes relating to the remedy of inn-holders and keepers of boarding-houses, the petition is to set forth a "description of the article possessed," on which the lien is claimed ; and by § 45, it is provided that "after trial and final adjudication in favor of the petitioner, the court may order any competent officer to sell the article on which the lien is claimed, as personal property is sold on execution, and out of the proceeds, after deducting his fees and the expenses of sale, to pay to the petitioner the amount and costs awarded him, and the balance to the person entitled to it, if they are known to the court, otherwise into court."

In accordance with the provisions of this section the same property described in this second petition, and on which this second lien is claimed, was ordered by the court to be sold, and the officer, by virtue of lawful authority, the judgment and order of court on the first petition, made sale of the same.

If this petition is to be sustained, where is the property that " the court may order any competent officer to sell the article on which the lien is claimed"?

This order of the court is not discretionary with the court. If judgment and decree for lien be granted on this petition, the court must necessarily order some competent officer to sell the property on which the lien is claimed, as no other mode is prescribed by the statute.

Provisions of a statute very similar to the one we are considering have received a construction that warrants us in this conclusion; and the court say : "But it was not the intention of the legislature, that it should be left to the discretion of the court whether an order should issue or not. All persons having established a lien are equally entitled to its enforcement and to an order of court for such enforcement. A lien being established, the order could not legally be withheld. . . .

"The order is one consequent upon the judgment and a necessary sequence thereof. It follows the judgment equally as the execution." *Low* v. *Dunham*, 61 Maine, 569.

If this petition is sustained there ought certainly to be something upon which a lien exists and upon which the order of the court can be excuted in accordance with the provisions of the statute, as a necessary sequence of the judgment; and this can lawfully be done only on such property as a lien exists.

In this case the animals whereon a lien is claimed in this petition were sold in April, 1883, as we have said, by virtue of lawful authority, and judgment and order of the court on a prior petition. The order of the court, therefore, in this case if granted would be useless, as under it there could be no sale of property the title to which had passed by an absolute sale under a similar process months before.

There is nothing in the statute we are considering which by express words or by necessary implication contemplates the enforcement of a lien upon anything other than the animals which have been furnished food or shelter. The petitioner claims to sustain this petition as against said animals in addition to the judgment of lien in his behalf before granted, and to have his claim satisfied "out of said property or the proceeds thereof." The statute does not go to that extent, where, by the petitioner's own motion, the property has been sold to satisfy a lien in favor

of the same party and originating from one and the same bailment. And if it be urged that this petititioner is without a convenient remedy unless the course he has pursued can be sustained, we can only say, as has oftentimes been remarked, that it is the duty of courts to expound and apply the law as it may be found and not to legislate.

Had the legislature ever contemplated to engraft a lien on the surplus arising from the sale of property after one lien claim had been satisfied by the modes provided in § 45, provision might have been made as in lien claims upon vessels—contained in the same chapter—R. S., 1871, c. 91, § § 19, 20, where successive liens are provided for, and on sale of the property there is the additional provision that the proceeds are to be paid out in satisfaction of the several judgments as they may be recovered against the vessel until all are satisfied. The similarity in the language and phraseology of the two statutes may be readily observed, as well as the additional provision in relation to the lien upon the surplus in the one case which is entirely wanting in the statute under consideration.

And so far as the statute speaks of the surplus or balance that the officer is to pay over to the person entitled to it, if known to the court, otherwise into court, to be paid over to the person legally entitled to it, on petition and order of the court; this relates rather to the ownership of the money than to any lien upon it by any other party. The same provision exists in the statute before alluded to in relation to liens upon vessels after all the claims have been satisfied, and which, like the statute before us, does not relate to the lien upon but to the ownership of such surplus.

Under the present form of proceedings we do not feel authorized to say that this court would be justified in granting relief in equity under c. 101, laws of 1876, which is invoked by the learned counsel for the petitioner in his able argument.

*Petition dismissed with no costs for respondent.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.