## THOMAS v. MANN.
### (No. 730.)

PARTNERSHIP—DEATH OF PARTNER—SURVIVING PARTNER'S RIGHT TO POSSESSION OF PARTNERSHIP PROPERTY—ANIMALS—AGISTER'S LIEN —REPLEVIN—ISSUES.

1. Upon the death of a partner the surviving partner becomes entitled to the exclusive right of possession and management of the partnership property, and that right continues, notwithstanding that he has failed to give the bond required of a surviving partner by statute, until an administrator of the deceased partner shall qualify and give a bond as provided by statute to authorize such administrator to settle the partnership affairs.

2. The right of a surviving partner to the possession and control of the partnership property does not cease at the expiration of fifteen days from the death of the co-partner, the period allowed the surviving partner to file a bond as such, but such right of possession is subject to be defeated by the executor or administrator of the estate of the deceased co-partner upon giving a bond for the purpose of settling the affairs of the partnership and being placed in control of the partnership property, as authorized by statute in case of the neglect or refusal of a surviving partner to execute and file a bond.

3. To entitle one to an agister's lien he must bring himself within the terms of the statute, since such lien is purely statutory and cannot be extended beyond its terms.

4. In an action by a surviving partner to recover possession of sheep which were the property of the partnership, the defendant sought to prove a contract with the widow of the deceased co-partner by which he leased the sheep for one year, but there was no evidence to show that the sheep were intrusted to him under any other agreement or for any other purpose, and he failed to prove the contract alleged. *Held,* that he was not entitled to an agister's lien under the statute giving a lien to any ranchman, farmer, agister, or herder of cattle, tavern keeper, or livery stable keeper, to whom any horses, mules, asses, cattle or sheep, shall be intrusted, for the purpose of feeding, herding, pasturing, or ranching, and authorizing the possession of such animals to be retained until the amount so due is paid

5. Where one in possession of sheep claiming an agister's lien has failed to establish that the sheep were intrusted to him for the purpose of herding or pasturing so as to bring

the case within the terms of the statute, (Sec. 3754, Comp. Stat. 1910) and give him a lien on the sheep, he is not entitled to recover compensation for caring for the sheep, in an action brought against him to recover the possession thereof, since the only questions in such action were, which party was entitled to the possession at the time of the commencement of the action, and if the defendant was entitled to possession the damages, if any, he sustained by reason of the sheep being taken from his possession under the writ.

[Decided November 3, 1913.]                (135 Pac. 1088.) .

ERROR to the District Court, Sweetwater County; HON. DAVID H. CRAIG, Judge.

The action was brought by Ed. Thomas against John R. Mann to recover the possession of certain sheep. The issues and facts are stated in the opinion.

T. S. Taliaferro and M. E. Wilson, for plaintiff in error.

There is no evidence in the record that the alleged contract for the lease of the sheep to Mann was signed by Emily Roman or by any person having authority to represent her. The trial court overlooked the fact that the burden was upon defendant in error to establish his lien in order to establish his right of possession, and there was not sufficient evidence upon which to base a finding that the damages were $800. Mrs. Roman was not the administratrix of the estate of her deceased husband, and could not make a lawful contract with Mann concerning the possession of the sheep. She was in the position of a stranger to the property and had no authority to intrust the possession to defendant in error so as to give him a lien upon it. Had she entered into a contract with the defendant in error such as alleged it could be nothing more on her part than the contract of one wrongfully claiming to be the representative of a deceased person. (Est. of Hamilton, 32 Cal. 469; Pryor v. Downey, 50 Cal. 388). Such a contract would not be binding upon the true representative of the estate. (Barr v. Cubbage, 52 Mo. 404; Caperton v. Ballard, 4 W. Va. 420). There is nothing in the defendant's answer to indicate a claim on his part that

he came into possession of the sheep with the plaintiff's consent. Mrs. Roman was a mere intermeddler with the property of the estate of her deceased husband, in so far as she may have attempted to deal with and about the possession of the sheep. If she ever signed the contract in question, she was acting on her own account, and not as agent for the plaintiff, and hence the doctrine of ratification could have no application. (Backhaus v. Buehls, 73 Pac. 342). Where one having a lien does not disclose it when the owner demands the property, but claims to be himself the owner, he is estopped from setting up a lien in defense of an action by the owner to recover possession. (Sutton v. Stephan, 101 Cal. 545, 36 Pac. 106; Brackett v. Pierson, 99 N. Y. Supp. 770; Hamilton v. McLaughlin, 12 N. E. 422; Shafer v. Russell, 28 Utah, 444, 79 Pac. 559; 38 Cyc. 2019.) Upon the facts in the case the defendant was in possession of the sheep wrongfully. Claiming that they were intrusted to him by one who was a mere intermeddler with the property and asserting ownership against the plaintiff, the true owner, his act amounted to a conversion of the property, thereby estopping him from claiming a lien.

*W. B. Dunton,* for defendant in error.

Plaintiff in error is not in a position to raise the question that the defendant's contract was improperly admitted in evidence, for the reason that the matter was not alleged as a ground for new trial. (Dickerson v. State, 18 Wyo. 440; C. B. & Q. R. R. Co. v. Morris, 16 Wyo. 308). Again, plaintiff objected to the introduction of the contract on the sole grounds that it was not in any way connected with the case or the sheep in question, and that it did not appear to be signed by the administratrix of the estate of Evi Roman. No other grounds of objection can now be considered. (Boswell v. Bank, 16 Wyo. 161; R. R. Co. v. Rhoades, 121 Pac. 769). The evidence disclosed that the sheep described in the contract were those taken under the replevin writ, and that disposes of the first ground of the objection. As to the second ground the evidence disclosed that Emily

Roman was the widow of Evi Roman, and that the contract was drawn up in Idaho and sent to Mann by the brother of Emily Roman; that a month or so previous to the date of the contract another brother and one Plumley were looking after the sheep and were each arrested at the ranch for some undisclosed offense and taken to the county seat by the sheriff, and at that time Mann took charge of the sheep. At or about that time also he had a conversation about taking the sheep on shares with the brother of Mrs. Roman, who afterwards sent him the contract, at which time the plaintiff, Thomas, was present; and the said brother represented himself as attending to the business for Mrs. Roman. Later Mann received the contract from Mrs. Roman's said brother, she being unable to write. He did not accept the contract immediately as he wished it for five years instead of one, but in the course of a month accepted it. But Mrs. Roman had been appointed administratrix, though the evidence failed to show that she gave bond as such, but did show that appraisers were appointed and that she acted as administratrix of the estate and was recognized by the court as such, and no other person had been appointed to administer the estate up to the time of filing suit. There was evidence also to show that Thomas had told Mann that it would be satisfactory if he took the sheep, although it is true the testimony tends to show that Mann did not show Thomas a copy of the contract, or that the latter asked to see it. In view of these facts the contract was not only admissible but was enforceable against the plaintiff, and the objection that it was not signed by the administratrix was not well taken. As the widow of the deceased co-partner who was in charge of the property at the time of his death, Mrs. Roman was the natural custodian until a lawful administrator should claim it. The failure of an administrator to give bond merely makes the appointment voidable, but it is not thereby void or subject to collateral attack. (18 Cyc. 131; Harris v. Chipman, 9 Utah, 101.) The statute provides that the order appointing an executor or administrator shall fix the time

within which the bond shall be given. The order of appointment was not introduced in evidence, it appearing to have been lost from the files, and it is therefore impossible to know what time was allowed for filing the bond or taking the oath. No other administrator having been appointed the presumption would be that the time allowed for filing bond and taking oath had not expired, and hence that the appointment had not lapsed. (Comp. Stat. 1910, Sec. 5531.) Mrs. Roman, we insist, was well within her rights in acting as administratrix, but if not, since no other administrator was appointed, she was within her rights as widow having the lawful custody of her deceased husband's property. It was not her duty upon the death of her husband to let his property go to waste and be uncared for simply because no administrator had qualified. The statute recognizes the rights of heirs to deal with real property, and while the sheep as well as the ranch were included in the contract, the principle is analogous and applicable. (Comp. Stat. 1910, Secs. 5556, 5561; In re Ackens Est., 123 N. W. 187; Graves v. Davenport, 100 Colo. 429). But Thomas could not repudiate the contract and the possession under it. Had he qualified as surviving partner within the period required by statute he might possibly have set the contract aside by taking proper steps to that end. He did not do that. At the time of the replevin he had filed no bond and done no act toward qualifying as surviving partner nor had he acted as such. He lived but thirty miles away and knew Mann was in possession of and caring for the sheep; he made no attempt himself to look after them, nor to demand their possession for eight months. One cannot repudiate to another's prejudice what he has voluntarily assented to, nor contend that a contract is invalid after he has allowed another to expend labor and money under the contract, while he himself receives the benefits. (Marshall v. Foltz, 70 Atl. 857; Carruthers v. Whitney, 56 Wash. 327; Johnson v. Hogan, 123 N. W. 891; Mote v. Kleen, 83 Neb. 585; Lewis v. Jerome,

44 Colo. 459; McIntosh v. Ropp, 222 Pa. 606). The contract was a reasonable one.

A general denial in replevin raises every possible defense, and any facts justifying or explaining the defendant's possession is admissible in evidence under such a denial. (Dobson v. Owens, 5 Wyo. 325; 3 Bates Pl., Prac., Par. & Forms, 2580). Where an amendment to a pleading might have been allowed to correspond to the facts proven, a judgment will not be disturbed because no formal amendment was made. (C. B. & Q. R. R. Co. v. Pollock, 16 Wyo. 321). The judgment is sustainable under the statute providing for an agister's lien. (Sec. 3754, Comp. Stat. 1910; Vose v. Whitney, 7 Mont. 392). It was held in the Montana case cited that the statute does not require the contract to be with the owner of the animals or his agent, and all that the agister need look into is to see that they were not stolen. We insist that the defendant had a lien for his proper charges in caring for the sheep. He demanded his pay therefor from the plaintiff who refused to give him any compensation. It was certainly never intended by the statute that a ranchman should be required to investigate the title of animals intrusted to his care. It was unjust for the plaintiff to wait until just before shearing and lambing and then take the sheep from the defendant without any compensation for the time and money expended in caring for them during several months. Against such an injustice the statute should be held to afford him absolute protection. The evidence does not bear out the contention of opposing counsel that defendant waived his lien on the sheep. Although an agister declares to the owner that he will not surrender the animals even if his charges be paid in full, it is necessary for the owner to tender the charges before bringing suit for possession. (Brown v. Holmes, 21 Kan. 687).

The plaintiff was not entitled to the possession. At the time suit was commenced he had not filed any bond as surviving partner nor in any way qualified as such. And it does not appear that after he had qualified subsequent to

obtaining possession of the sheep he caused any appraisement of the partnership property as required by statute. (Comp. Stat. 1910, Sec. 5566). Hence at the time of the replevin the plaintiff had no more right than any stranger out of possession. A plaintiff in replevin has the burden of proof, and his case must depend upon the strength of his own evidence and not on the weakness of the defendant's case. The amount allowed by way of damages was reasonable. The judgment afforded substantial justice to each of the parties and should be affirmed.

Beard, Justice.

This is an action brought by the plaintiff in error, Thomas, against the defendant in error, Mann, in the District Court of Sweetwater county, to recover the possession of certain sheep. There was a trial to the court resulting in a judgment in favor of the defendant and against the plaintiff and the sureties on the replevin bond for $800 and costs. Plaintiff brings error.

It is alleged, in substance, in the petition, that in the lifetime of one Evi Roman, he and plaintiff were co-partners in the ownership of said sheep. That Roman died in June, 1909. That at the time of his death he was in charge of the herding of said sheep. That since his death the defendant has had said sheep in his control. That on April 14, 1910, plaintiff demanded of defendant the possession of said sheep which was refused. This action was commenced April 16, 1910.

The first defense pleaded in the answer, in substance, admits the death of Roman, and that at that time he was in charge of the herding of said sheep; and alleges that after his death up to August 15, 1909, his widow, Emily Roman, was in control of said sheep, and from the later date to the taking of said sheep in replevin in this suit the defendant was in possession and control of said sheep, and denies the other allegations of the petition.

For a second defense it is alleged that on June 23, 1909, Emily Roman was appointed administratrix of the estate

of Evi Roman, deceased; and that on August 15, 1909, she for herself personally and as acting administratrix, and for the heirs of said deceased, entered into a contract with defendant leasing said sheep to him on shares for one year from said date; and that in pursuance of said contract defendant was in control and possession of said sheep from August 15, 1909, until they were taken on the writ of replevin in this suit. That he had been damaged by reason of said taking in the sum of $800. That prior to May 13, 1910, the plaintiff had not given a bond as surviving partner as required by section 5566 Compiled Statutes 1910.

For a third defense it is alleged, that on August 15, 1909, said sheep were intrusted to defendant by said Emily Roman for the purpose of herding and pasturing the same, and that he did so from August 15, 1909, until they were taken from him in this suit. That the reasonable charge for such herding and pasturing was $800, for which sum he claimed a lien on said sheep as agistor or herder.

The reply in effect denies the new matters pleaded in the answer.

The following appear to be the facts as shown by the evidence. That the sheep were the property of Thomas and Roman, co-partners. That Roman died in June, 1909, and at that time of his death he was in charge of the sheep. That Emily Roman was his widow. That she applied to the District Court of Sweetwater county for letters of administration on the estate of her deceased husband, and the court made an order appointing her such administratrix upon giving bond and qualifying as required by law. That she never qualified or gave any bond, but soon thereafter removed from the state. That the surviving partner, Thomas, did not give a bond as surviving partner until after the commencement of this action. That the defendant knew at the time he took possession of the sheep under an alleged contract of lease between himself and Emily Roman that the sheep belonged to Thomas and the estate of Evi Roman. That he took possession under such alleged contract about October, 1909; but there is no competent evi-

dence in the record of the existence of such a contract, or that Thomas ever saw what was claimed by defendant to be such written contract, or was informed of its terms. The defendant testified that prior to the receipt of said contract and his taking possession of the sheep thereunder, he got possession of them from Thomas and a brother of Emily Roman. But for what purpose or on what terms he does not state. Plaintiff demanded of defendant possession of the sheep before bringing the action.

On that state of facts the court found that the defendant was entitled to the possession of said sheep at the time of the commencement of the action, and the sheep having been delivered to plaintiff under the writ, rendered judgment for defendant and against plaintiff and the sureties on his bond for $800 damages, and costs.

The statute, section 5565, Comp. Stat. 1910, provides that the surviving partner has the right to continue in possession of the partnership property and settle the business of the partnership, and to account to the executor or administrator of the deceased partner. That was his duty at common law. By section 5566, id. it is provided, "Every such surviving partner must, within fifteen days after the death of his co-partner, execute and file with the clerk of the District court, a bond to the State of Wyoming, with two or more suffi-cient sureties,   *   *   *   *   *   * the penalty must not be less than twice the value of a partnership property," etc. (Section 5567, id.). "In case of the neglect or refusal of any such surviving partner to execute and file a bond as provided in section 5566, then the District Court, or judge thereof, or commissioner or clerk, shall place the executor or administrator of the decedent in charge and custody of the partnership property, after the said executor or admin-istrator shall have executed and filed a bond, as herein pro-vided, for the execution and filing by the surviving partner, and such executor or administrator shall have the same authority and power to settle the affairs of the partnership as would the surviving partner had he executed and filed a bond as herein provided." In this case the surviving part-

ner did not give the bond required by section 5566 prior to commencing suit. Neither did Emily Roman qualify or give bond as administratrix of the estate of Evi Roman; and there is no claim made that she gave the additional bond required by the statute to administer the partnership property. On the death of Roman, Thomas, the surviving partner, became entitled to the exclusive right of possesion and management of the partnership property. (Shields v. Fuller, 4 Wis. 102, 65 Am. Dec. 293; Smith v. Wood, 31 Md. 293). That right continued, notwithstanding he failed to give the statutory bond, until an administrator qualified and gave the required bond. In other words, the right of the surviving partner to the possession and control of the partnership property does not cease at the expiration of fifteen days from the death of the co-partner, but such right is subject to be defeated by the executor or administrator of the estate of the deceased co-partner upon giving the required bond, and being placed in control of the property as provided in the statute, but not otherwise. (Teney v. Laing, 47 Kan. 297, 27 Pac. 976; Bredow v. The Mutual Savings Institution, 28 Mo. 181; Hargadine v. Gibbons, 114 Mo. 561, 21 S. W. 726). Emily Roman never having qualified or given bond as administratrix of the estate of Evi Roman, deceased, and never having given the bond required to entitle her to the possession and control of the partnership property, had no right to its possession or control as against the surviving partner, Thomas, and could confer no such right upon the defendant.

The only other question in the case necessary to be decided is, whether the defendant had a lien upon the sheep by virtue of section 3754, Comp. Stat. 1910, which reads as follows: "Any ranchman, farmer, agistor, or herder of cattle, tavern keeper, or livery stable keeper, to whom any horses, mules, asses, cattle or sheep, shall be entrusted, for the purpose of feeding, herding, pasturing, or ranching, shall have a lien upon said horses, mules, asses, cattle or sheep, for the amount that may be due, for such feeding, herding, pasturing or ranching, and shall be authorized to retain pos-

session of such horses, mules, asses, cattle, or sheep, until the said amount is paid; Provided, That the provisions of this section shall not be construed to apply to stolen stock." In the third defense set out in the answer it is alleged that the sheep were entrusted to him as ranchman, agistor and herder by Emily Roman for the purpose of herding and pasturing the same. But the evidence on his part does not tend to support that claim. He sought to prove a contract with Mrs. Roman by which he leased the sheep for one year, and there is no evidence in the record that the sheep were entrusted to him by her under any other agreement or for any other purpose. As already said he failed to prove that contract. Nor is there any allegation in the answer or any evidence in the record that the sheep were entrusted to him by Thomas for the purpose of ranching, herding or pasturing. To be entitled to a lien under the statute, the party must bring himself within its terms. The lien is purely statutory and cannot be extended beyond its terms. (Rogers v. Currier, 13 Gray, (Mass.) 129; Howes v. Newcomb, 146 Mass. 76, 15 N. E. 123; Fein v. Wyoming L. & T. Co., 3 Wyo. 331, 22 Pac. 1150). The defendant was the only witness who testified to the terms and conditions under which he took and held possession of the sheep, and his testimony fails to establish that the sheep were entrusted to him for the purpose of herding or pasturing so as to bring the case within the terms of the statute and to give him a lien on the sheep by virtue thereof. It may be that defendant under the circumstances is entitled to pay for caring for the sheep; but that question cannot be determined in this action. The only questions in this action being, which party was entitled to the possession of the sheep at the time of the commencement of the action, and if the defendant was entitled to possession the damages, if any, he sustained by reason of the sheep being taken from his possession under the writ. In our opinion the District Court erred in adjudging that the defendant was entitled to the possession of the sheep; and for that reason

the judgment is reversed and the cause remanded for a new trial.                                    *Reversed.*

Scott, Chief Justice, concurs.

Potter, Justice, being ill, did not participate in the opinion.