GEORGIA C. ARCHER, Respondent, *v.* EQUITABLE LIFE
ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

Insurance (life) — erroneous statements or representations
made by insured in application for policy which are not contained
in the policy as required by statute (Insurance Law; Cons. Laws,
ch. 28, § 58) are not available as a defense in action thereon.

The defense to an action on an insurance policy averred that the
insured, when applying for and as an inducement to the issuance
of the policy, intentionally deceived the defendant by representa-
tions which he knew to be false, and the defendant relied and acted
upon them in accepting the application and making the contract.
The false representations related to facts which would enter into
the estimation by defendant of the risk to be assumed by it in
effecting the insurance, that is, to the prior physical condition of
the insured the last time he had consulted with a physician, the
causes of the deaths of his parents and the time of the death and
age at death of his father.   They were not contained in the
policy either directly or by reference.   Section 58 of the Insurance
Law (Cons. Laws, ch. 28, § 58; Laws of 1906, ch. 326, § 16) enacts: (a)
The policy, that is, the document, shall contain the entire contract;
(b) nothing shall be incorporated in the contract by reference to
another document not indorsed upon or attached to the policy when
issued; (c) all the statements made by the insured, as warranties or
representations, are those which appear upon the face of the policy;
(d) all statements, which in form are warranties, shall in the absence
of fraud be deemed representations and not warranties, and (e) any
waiver of the provisions of this section shall be void.   Hence this
defense is insufficient.

*Archer* v. *Equitable Life Assurance Society*, 169 App. Div. 43,
affirmed.

(Argued February 28, 1916; decided April 18, 1916.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered July 9, 1915, which affirmed an order of
Special Term granting plaintiff's motion for judgment in
her favor upon the pleadings.

The following questions were certified: "1. Is the
defense designated 'second' contained in the answer to

the amended complaint herein sufficient in law upon the face thereof ? 2. Is the defense designated ' third ' contained in the answer to the amended complaint herein sufficient in law upon the face thereof ? 3. Is the defense designated ' fourth ' contained in the answer to the amended complaint herein sufficient in law upon the face thereof ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Allan McCulloh* and *William Farrell Diamond* for appellant. The effect of section 58 of the Insurance Law, enacted in 1906, was twofold. As to insurance policies thereafter issued it abolished the distinction between representations and warranties theretofore existing; and it required that the entire contract of insurance should be contained in the policy and in the papers thereto attached. (*Fitzgerald* v. *Supreme Council,* 39 App. Div. 251; 167 N. Y. 568; *Kasprzyk* v. *Met. Life Ins. Co.,* 79 Misc. Rep. 263; *Gaines* v. *Fidelity & Casualty Co.,* 188 N. Y. 411; *Donley* v. *Glens Falls Ins. Co.,* 184 N. Y. 107; *Dwight* v. *Germania Life Ins. Co.,* 103 N. Y. 341; *Cushman* v. *United States Life Ins. Co.,* 63 N. Y. 404; *Foot* v. *Ætna Life Ins. Co.,* 61 N. Y. 571; 1 May on Ins. 364–368; 3 Cooley's Briefs on Ins. 1931–1935, 1950, 1952; Richards on Ins. 128, 138.) Section 58 cannot in the nature of things apply to a defense of fraudulent concealment of material facts or to fraudulent oral statements. (*Aaronson* v. *N. Y. Life Ins. Co.,* 81 Misc. Rep. 228; *Cohen* v. *Met. Life Ins. Co.,* 85 Misc. Rep. 406; *Rakov* v. *Bankers Life Ins. Co.,* 164 App. Div. 645; *Lococo* v. *Pittsburgh, etc., Co.,* N. Y. L. J., Jan. 14, 1915.)

*John B. Stanchfield* and *William M. Parke* for respondent. The first and second defenses contained in defendant's answer are insufficient in law upon the face

thereof, as both are based upon the alleged fraudulent character of statements, representations and answers claimed to have been made by the insured, but not indorsed upon or attached to the policy when issued. (*King* v. *Tioga Co. Patrons Fire Relief Assn.*, 35 App. Div. 58; *Moore* v. *Prudential Casualty Co.*, 156 N. Y. Supp. 892; *Arnold* v. *Eq. L. Assur. Society*, 225 Fed. Rep. 157; *G. W. L. Ins. Co.* v. *Snavely*, 206 Fed. Rep. 20; *M. R. Ins. Co.* v. *Austin*, 142 Fed. Rep. 398; *Thompson* v. *Phœnix Co.*, 136 U. S. 287; *Indiana Co.* v. *McGinnis*, 180 Ind. 9; *Drew* v. *Vil. of White Plains*, 157 App. Div. 394.) The third separate defense alleged cannot be availed of by defendant as it violates both the provisions of the policy itself and those of section 58 of the Insurance Law. (*Becker* v. *C. L. Ins. Co.*, 153 App. Div. 383.)

COLLIN, J. The action is to recover the sum payable to the plaintiff under the terms of a policy of the defendant insuring the life of Joseph D. Carroll. The policy forms a part of the amended complaint, which in the ordinary form avers the issuance of the policy, the death of the insured, the making of due proof of the death, the refusal of the defendant to pay and the other requisite formal facts. The policy was issued July 1, 1912, and, therefore, subsequent to the adoption of the statute hereinafter considered. The defense designated "Second," which we will first consider, averred that the insured, when applying for and as an inducement to the issuance of the policy, deceived intentionally the defendant by stated representations which he knew to be false, and the defendant relied and acted upon in accepting the application and making the contract. The false representations related to facts which would enter into the estimation by the defendant of the risk to be assumed by it in effecting the insurance, that is, to the prior physical condition, in various respects, of the insured, the last time he had

consulted with a physician, the causes of the deaths of his parents and the time of the death and age at death of his father. They were not contained in the policy either directly or by reference. The sufficiency of the defense, in law, depends upon an interpretation, in connection with the facts, of section 58 of the Insurance Law as enacted in 1906 (Cons. Laws, ch. 28, § 58; Laws of 1906, ch. 326, § 16).

The section is: "Policy to contain the entire contract; statements of insured to be representations and not warranties. Every policy of insurance issued or delivered within the state on or after the first day of January, nineteen hundred and seven, by any life insurance corporation doing business within the state shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writings unless the same are indorsed upon or attached to the policy when issued; and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties. Any waiver of the provisions of this section shall be void." The section and the policy must be read together. (*Strauss* v. *Union Central Life Ins. Co.*, 170 N. Y. 349; *Taylor* v. *N. Y. Life Ins. Co.*, 209 N. Y. 29.)

The false and inducing statements set forth in the second defense were not incorporated in the policy when issued. The appellant asserts and argues that the section does not relate to or affect its right to declare and have adjudged void the policy, because the fraud of the insured, as alleged, entered into it, and fraud is a defense to any contract. The respondent asserts and argues that the section prohibits the defendant from invoking, as a defense, fraudulent representations of the insured, entering into the extent or estimate of the risk, which are not incorporated in the policy when issued. We are to determine which assertion is valid.

The meaning and intent of the section is, manifestly, not clear and certain through its language. We are, therefore, bound to search for the legislative intent in such facts and through such rules as may, in connection with the language, legitimately reveal it. We may consider, in addition to the language, the relevant conditions existing when it was adopted, the evils it was designed to remedy and the reasons for and the spirit of the enactment. If the intent, as determined, is within the scope or capability of the language it must be taken to be a part of the statute the same as if it were plainly expressed. To effect the intent the language may be freely dealt with. The position of the words may be shifted or the words enlarged or restrained in their meaning and operation. The courts are bound to enforce an enacted intent no matter how inartistically or inaccurately it has been expressed. (*Matter of Meyer,* 209 N. Y. 386; *Woollcott* v. *Shubert,* 217 N. Y. 212; *Flynn* v. *Prudential Ins. Co.,* 207 N. Y. 315; *Matter of Jannicky,* 209 N. Y. 413.) They may not, however, through construction, enact an intent which the legislature has not expressed at all. (*Furey* v. *Town of Gravesend,* 104 N. Y. 405.)

Two conditions existing at its adoption the statute was plainly intended to remove. The one, the contract might, by a stipulation or reference within it, make a part of itself instruments, stipulations, statements and agreements of the insured, which the policy did not contain. (*Cushman* v. *U. S. Life Ins. Co.,* 63 N. Y. 404; *Clemans* v. *Supreme Assembly R. S. of G. F.,* 131 N. Y. 485; *Fitch* v. *American Popular L. Ins. Co.,* 59 N. Y. 557.) The other, the statements of the insured which were made a part of the contract by reference, indorsement or otherwise, or declared or agreed by the insured to be true were warranties. (*Foot* v. *Ætna Life Ins. Co.,* 61 N. Y. 571; *Dilleber* v. *Home Life Ins. Co.,* 69 N. Y. 256; *Dwight* v. *Germania Life Ins. Co.,*

103 N. Y. 341; *Gaines* v. *Fidelity & Casualty Co. of N. Y.*, 188 N. Y. 411; *Campbell* v. *New England Mut. Life Ins. Co.*, 98 Mass. 381.)

A third condition existed, intimately related to those two, indeed quite the parallel of the first, namely, the warranties and representations made by persons insured, in the process of issuing the policy, might be and frequently were, as we may judicially know, retained continuously and exclusively by the insurers. The insured persons neither had nor received duplicates or copies. They had not incentive or opportunity, from having their statements before them, through incorporation in the policy, to examine and correct any errors in them arising through mistake, carelessness, ignorance or fraud, or to terminate the policy. Frequently they or their beneficiaries became first conscious of the errors, after payment of the premiums or dues through a period of years, when they were alleged by the insurers, in avoidance of the obligations to pay the sums insured. We have concluded that the legislature intended to remove and has removed by the section this condition.

It is clear that the legislature enacted by the section that the policy, that is, the paper or document, should contain, physically, the entire contract All of the stipulations, agreements or statements constituting the contract must be placed, through the delivery of the policy, in the possession of and be and remain accessible to the insured. All of the answers of the insured to material questions, all statements declared by him to be true, are, as a matter of law and of fact, a part of the contract, because they are warranties. Therefore, all those statements, which are on their face warranties, must be incorporated in the policy either directly or by indorsement or attachment, or be abandoned as warranties. It was a matter of general knowledge, of legislative knowledge and of judicial knowledge that all the statements which are either warranties or representations

are contained alike, generally, in the paper designated the application. The legislature having enacted that nothing should be incorporated in the contract, that no warranties should be incorporated therein by a reference to the application, and thereby having in mind that the application should be indorsed or attached to the policy, further enacted the clause: " and all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties." Those words in connection with the requirement that the policy shall contain the entire contract are susceptible of either of two constructions. The one, all the statements made by the insured as purported or shown by the face of the policy, shall in the absence of fraud be deemed representations and not warranties. The other, all the statements made by the insured are shown by the face of the policy and shall in the absence of fraud be deemed representations and not warranties. The first is the equivalent of, all warranties made by the insured shall in the absence of fraud be deemed representations, because the words "shall in the absence of fraud be deemed representations " can apply to only those statements which purport to be warranties. Mere representations would be deemed representations irrespective of the statute. The clause would not relate in any manner to the statements either within or without the policy, which were originally representations. It follows that the representations created by the metamorphosed warranties must be incorporated in the policy while all other representations are ignored and unaffected. It follows, furthermore, that the insurers by abandoning warranties may avail themselves of all the representations although not incorporated in the policy; they may also incorporate in the policy such of the statements as they select and withhold the statements remaining. Those effects might, within reason, mislead and create an erroneous sense of security on the part of the insured and their beneficiaries.

An unreasonable or unjust result was, presumptively, not intended by the legislature and will be avoided through legitimate construction. (*Matter of Meyer*, 209 N. Y. 386.) The conditions which induced the legislature to require that all the stipulations and terms of the contract should appear within the policy would naturally have induced it to require that the conditions which are the basis of the contract and upon which its validity depends should, likewise, appear upon the face of the policy. The evils and pitfalls before the insured through his ignorance and the inaccessibility of terms of contract are, in part at least, those which are before him through his ignorance and the inaccessibility of the representations made by him. Under the entire language of the section and the conditions existing at its enactment, the first construction constricts its purpose and effects too narrowly and unreasonably. The second construction expresses the legislative intent.

The section is remedial. It modifies rules of the common law. The law is, that in determining whether or not a statute abrogates or modifies a rule of the common law, the construction of the statute must be strict; when, however, a remedial statute does replace in whole or in part common-law rules, it must be given an application, liberal and, within its language, commensurate with its purpose. In the requirements that the policy should contain the entire contract and that "all statements purporting to be made by the insured shall in the absence of fraud be deemed representations and not warranties," the legislature enacted, through implication, that all statements made by the assured shall be purported by, or made to appear upon, the face of the policy. The section enacts: (a) The policy, that is, the document, shall contain the entire contract; (b) nothing shall be incorporated in the contract by reference to another writing or document not indorsed upon or attached to the policy when issued; (c) all the statements made by the insured, as

warranties or representations, are those which appear upon the face of the policy; (d) all statements, which in form are warranties, shall in the absence of fraud be deemed representations and not warranties; and (e) any waiver of the provisions of this section shall be void. Whether or not fraud not relating to warranties or representations as defined by the law relating to life insurance, and, therefore, not affected by the section, may enter into and make void the contract, we do not consider. The first question certified should be answered in the negative.

The defense designated "Third" averred that the policy was issued by the defendant in reliance upon statements, representations and answers of the insured pertaining to his previous medical history and family record and to his physical condition at and prior to the date of his application for the policy, which were fraudulently not full and fair and effected concealments material to the risk, and the defendant relied upon them as made. The statements, representations and answers were not incorporated in the policy. This defense could be established only by proof of them. Inasmuch as they could not be proven for the reasons already stated, the defense is not sufficient in law upon the face of it.

The defense designated "Fourth," that the defendant violated an agreement, which is not contained in the policy, manifestly is not sufficient in law upon the face of it.

The order appealed from should be affirmed, with costs, and each of the questions certified answered in the negative.

WILLARD BARTLETT, Ch. J., HISCOCK, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order affirmed.