[No. 2438.   Sept. 15, 1920.]

ROSWELL TRADING CO. v. LONG et al

SYLLABUS BY THE COURT.

A lien, given by statute (Laws 1917, c. 65, §§ 20, 22) to one who furnishes feed or shelter for the property or stock of others, does not inure to a dealer in grain and feed, who, in the course of his business, sells such merchandise to the owner of the stock, where such owner fed the same to his animals,

and the lien claimant did not have at any time said livestock in his possession or under his control.

Appeal from District Court, Chaves County, Brice, Judge.

Action by the First State Bank & Trust Company of Roswell, N. M., against A. Long, in which the Roswell Trading Company intervened. From a judgment dismissing the intervention petition on demurrer, intervener appeals. Affirmed.

R. D. BOWERS, of Roswell, for appellant.

Appellant, as dealer in grain, feed, etc., had lien on animals fed with grain sold by appellant. Sec. 20, Art. 2, Chap. 65, Laws 1917; Sec. 3339, Code 1915.

HIRAM M. Dow, of Roswell, for appellee Long.

Possession is necessary to establish the lien. Sec. 20, Art. 2, Chap. 65, Laws 1917; Cotton v. Arnold, 95 S. W.; Note to 6 L. R. A. 82; Fishnell v. Morris, 6 L. R. A. 82; Ripley v. Gold M. Co., 12 N. M. 186.

Statutes of this character are said to be only declaratory of the common law and must be interpreted in conformity with its principles. Jones on Liens, 2d Ed., Sec. 749; McDonald v. Foster, 14 Ore. 417, 12 Pac. 813; Michaelson v. Fish, (Cal.) 81 Pac. 661; Jones on Liens, Vol. 1, Secs. 20 and 21, 17 R. C. L. 601, 25 Cyc. 670.

J. C. GILBERT and JNO. T. McCLURE, both of Roswell, for appellee First State Bank & Trust Co.

The policy of the law is against upholding secret liens and charges to the injury of innocent purchasers and encumbrance for value, and the laws creating such liens must be strictly construed by the courts. R. C. I. 17, 599; Palmer v. Howard, 13 Pac. 858.

Nearly all the states have statutes similar to the New Mexico statute, recognizing and declaring the rights of those persons who furnish feed, care and sustenance for the animals or livestock of others, and it should be kept

in mind that the lien claimed by the appellant in this action is purely a statutory lien.

. "Under such statutes before a lien is created there must be a delivery of possession," Cyc., Vol. 2, 318. Jones on Liens, Vol. 1, Sec. 20, 2d Ed. .

The word lien when used in relation to personal property, imports that the party is in possession of the thing he claims to detain or upon which he claims a lien.

It is a right to hold the property on which payment is required to be made, either for the purchase price, or for some care, labor or attention bestowed upon it. Words and Phrases, Vol. 5, 4150 et seq.; Oakes v. Moore, 41 Am. Dec. 379.

A statutory lien can exist only when it has been perfected in the manner prescribed by the statute authorizing it. Jones on Liens, Vol. 1, Sec. 106, 2d Ed.

In construing a statute it is always competent and proper for the courts to consider the results and consequences of the same in order to arrive at the intention of its framers. Johnson v. Samuelson, 130 A. S. R. 669; 117 N. W. 472.

## OPINION OF THE COURT.

RAYNOLDS, J. The case arose out of the following facts: The First State Bank & Trust Company of Roswell, N. M., sought to foreclose a chattel mortgage on the property of the defendant, A. Long; said chattel mortgage being given to secure a promissory note. The Roswell Trading Company, appellant, herein, intervened in said suit, alleging as a cause of action against the defendant Long, money due for goods and merchandise sold to him. Appellant further claimed a lien against the livestock of the defendant, which livestock had consumed the feed sold to the defendant, and further claimed that said lien on said livestock was a prior and superior lien to the lien of the bank. The plaintiff bank and defendant Long both demurred to the intervention

petition on the ground that the goods and merchandise sold to the defendant were sold on open account, and that no lien attached to said stock under the provisions of chapter 65, Laws 1917; that such goods for which said lien was claimed were sold subsequent to the date of recording the mortgage; that said petition of intervention failed to show that the intervener ever had possession of said livestock, or that the plaintiff had knowledge of the sale of said goods and merchandise to the defendant Long; and that the feed consumed by said livestock had not been fed to them by the intervener.  The court sustained both demurrers, and dismissed the petition of intervention.   The intervener, appellant here, then appealed to this court, and assigns as error the action of the trial court in sustaining the demurrers.

It is conceded by the appellant that section 20, c. 65, Laws 1917, is merely a statement of the common-law lien.  It is as follows:

"Inkeepers and livery stable keepers, and those who board others for pay, or furnish feed or shelter for the property and stock of others, shall have a lien on the property and stock of such guest or guests, or of those to whom feed or shelter has been furnished, until the same is paid."

This law is an amendment of section 3339, Code 1915, omitting the phrase, "while the same is in their possession," which phrase occurs after the word "furnished."

Appellant contends that the subsequent section of this chapter, namely, section 22, extends the common-law lien to a case of this kind.  Section 22, chapter 65, Laws 1917, is as follows:

"Any person acquiring a lien under the provisions of this article shall not lose such lien by reason of allowing the vehicle, animal or any other chattel upon which he has a lien by reason of allowing the same to be removed from the control of such person."

It is urged by the appellant that under this last-mentioned section it is not necessary for the lien claimant to have possession and control of the stock on which the lien is claimed in order that the lien may attach,

but the language of the statute, above quoted, will not bear out such construction. The lienor could not lose any lien which had never attached; he could only acquire a lien by the possession of the property. It clearly appears that the purpose of the statute is to provide that the removal of the property on which the lien is claimed from the control of the lienor does not thereby cause him to lose his lien, but it still remains the law that in order to acquire the lien he must first have possession of the property on which the lien is claimed.

"Possession is essential to the creation and preservation of liens under the common law, and the rule is not different with many of the statutory liens. 'A lien,' said Lord Ellenborough, is a right to hold, and how can that be held which was never possessed?' The right begins and ends with possession. It attaches only while the property actually remains in the possession of the creditor. If he suffers it to go out of his possession, he cannot regain it by any judicial proceeding." Jones on Liens, vol. 1, par. 21, and cases cited.

The statute does not extend, either by its terms or by implication, a lien to one who never had possession or control of the property on which the lien is claimed. The principle is elementary, and it is not necessary to cite further authority.

Finding no error in the record, the case is affirmed.

PARKER, C. J., and ROBERTS, J., concur.

### SYLLABUS BY THE COURT.