[No. 2814.   Sept. 8, 1924]

EL PASO CATTLE LOAN CO. OF EL PASO, TEX.,
v. HUNT et al.

### SYLLABUS BY THE COURT

1.  Section 20 of chapter 65, Laws 1917, affords no lien to an agistor.

Appeal from District Court, Dona Ana County; Ed Mechem, Judge.

Action by the El Paso Cattle Loan Company of El Paso, Texas, against Stewart Hunt and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Wade & Wade, of Las Cruces, for appellants.

E. L. Medler, of El Paso, Tex., for appellee.

PARKER, C. J.   The question in this case is whether a person who takes cattle to pasture has a lien on them for the value of the pasturage under the provisions of section 20 of chapter 65, Laws 1917, which is as follows:

"Innkeepers and livery stable keepers, and those who board others for pay, or furnish feed or shelter for the property and stock of others, shall have a lien on the property and stock of such guest or guests, or of those to whom feed or shelter has been furnished until the same is paid."

The section was originally enacted in 1884 (Laws 1884, c. 17) in its present form, except that originally the words ''while the same is in their possession'' were inserted following the word ''furnished.'' These words were omitted from the later statute by reason of the provisions of section 22 of the Act of 1917, which dispenses with the necessity of retaining possession. Counsel for appellee argues that we have held in Roswell Trading Co. v. Long, 26 N. M. 349, 192 Pac. 482, that there is no agistor's lien under this statute. In the .first place, the facts were different in that case from those in this one. There, the goods were sold on open account and the owner of the cattle retained the possession of the same and fed the cattle the feed purchased on open account. We simply held in that case that the merchant, never having had possession of the livestock, never acquired a lien under the statute.

Not so in this case. Here, the agistors had possession of the cattle and grazed them upon their property and cared for them. The question then recurs as to the true interpretation of the statute.

In this case, it is to be noted that at common law, in the absence of an agreement, an agistor has no lien upon animals which he takes into his custody to care for and pasture or feed. 3 C. J., ''Animals,'' § 57. Statutes have been passed in many of the states extending a lien to agistors. These statutes, being in derogation of the common law, are to be strictly construed. 3 C. J., ''Animals,'' § 59; Lord v. Collins, 76 Me. 443; Ingalls v. Vance, 61 Vt. 582, 18 Atl. 452; Thomas v. Mann, 22 Wyo. 99, 135 Pac. 1088.

[1]    It is to be noted that our statute names innkeepers and livery stable keepers only. The next

clause refers to others who board persons for pay. This evidently would include keepers of boarding houses, and similar places, where food is dispensed; the business being of the same nature as that of innkeepers. The next clause refers to the furnishing of shelter and feed for the property and stock of others. This clause evidently refers to innkeepers and the like as to the property of guests, and to livery stable keepers as to the stock of others. Otherwise, there is nothing in the statute pointing out the circumstances under which livery stable keepers could have a lien. The next clause clearly refers to innkeepers and the like, because the word "guest" is used. The last clause must refer to livery stable keepers, because otherwise they are not granted a lien at all.

Counsel for appellants argue that this statute, properly viewed, provides a lien for livery stable keepers and others who furnish feed for stock, and that furnishing pasturage is furnishing feed within the meaning of the statute. It is to be conceded that the business of an agistor closely resembles that of a livery stable keeper. They may receive or refuse to receive the stock of others into their possession for the purpose of feeding and caring for the same. In this they differ from innkeepers, who must receive all applicants. Each may reserve a lien by contract if they so elect and thus protect themselves. Hence they are not favored as to liens and must be able to point to a statute or a contract before a lien can be allowed. 1 R. C. L., "Animals," § 21; 17 R. C. L., "Livery Stable Keepers," § 3.

Assuming, however, that the statute might give the lien to others than livery stable keepers who furnish feed for stock, is the pasturing of stock a furnishing of feed within the meaning of the statute? It is argued that standing grass is food, food is feed, and pasturage is food, citing many definitions from dictionaries. But we think the word "feed" is used in a narrower sense in this statute. A livery stable keeper or a wagon

yard keeper furnishes feed in a cured and prepared form for animals to use for food. An agistor, on the other hand, who takes cattle to pasture, furnishes pasture land upon which the cattle graze and feed themselves. Bouv. Law Dic. "Pastures." This distinction, while it may seem narrow and technical, is no doubt sound. The agistor having the means at hand to always protect himself by contract, there is no reason to award him a lien unless the statute unequivocally so provides. In this connection, it is to be noted that an agistor's lien is now provided by statute. Chapter 24, Laws 1923.

Some other considerations are presented by counsel for appellee as standing in the way of the lien in this particular case, but they need not be considered.

It follows from the foregoing that the judgment of the court below is correct and should be affirmed, and it is so ordered.

BRATTON and BOTTS, JJ., concur.