Anon Steuer, J.
Both sides move for summary judgment in an action to declare plaintiffs’ rights under two insurance policies. The issues under both policies are identical. The policies named the insured’s wife as beneficiary and his two children, the plaintiffs, as contingent beneficiaries. The wife has died and there is no question that plaintiffs are now the beneficiaries and entitled to the proceeds of the policies. The only question is as to the manner of payment.
Payment of the proceeds is provided for by an indorsement on the policy. The indorsement provides that settlement shall be made under Option A or Option D. The original beneficiary and at her death each of the contingent beneficiaries has the choice whether to take Option A or D. Both of these options are for payments of funds annually. Option A provides that a beneficiary may, on any annual payment date, surrender the policy and withdraw the entire balance. In the indorsement this right is specifically directed to be withheld from all beneficiaries. ■ , ,
It appears that Option D had not, at the time of issuance of the policy, been adopted by the defendant company as one of its optional methods of paying policies but was so adopted between the date of issuance and the date of the indorsement and hence does not appear in the policy.
Plaintiffs claim the right to receive the full balance, or the withdrawal which the insured specifically provided they should not have. Their first ground is that the policy, not containing a statement of Option D, is void as to any restriction contained in that option (Insurance Law, § 142). This claim lacks valid foundations. The purpose of the act sought to be applied is that the policyholder should be able to determine what the contract is without reference to anything outside its own borders (Archer v. Equitable Life Assur. Soc., 218 N. Y. 18). Here the exact and total agreement is set out completely. Plaintiffs ’ sole objection is that it is not set out twice — once as a rider and once as a printed provision of the policy.
*234 A similar objection that Option D was not filed with the Superintendent of Insurance is also of no consequence. The proof shows that it was so filed. Even if showed the contrary, the statute (Insurance Law, § 154, subd. 3) provides that indorsements relating only to the manner of distribution of benefits need not be filed.
Next it is claimed that the indorsement makes no disposition of the principal of the insurance benefits and that under statutory rules of construction this failure is to be construed as a present transfer to the income beneficiaries. The factual basis for the contention that no transfer of the principal is made is found in the original indorsement which describes the rights of the beneficiaries as between themselves, and the pertinent language as regards the plaintiffs names them as contingent beneficiaries to ‘ ‘ share and share alike, or the survivor ’ ’. The argument is that npon the death of the beneficiary (wife) each of the contingent beneficiaries had a vested interest in an undivided one half of the proceeds. This interest could not be divested by death and hence the words “ or the survivor ” become meaningless. Or if they have a meaning it is to apply only to limit a contingent beneficiary becoming an actual beneficiary— i.e., a child (contingent beneficiary) must survive the mother (beneficiary) in order, in turn, to become a beneficiary, with the consequence that the estate of a child who predeceased the mother should not be entitled to share in the proceeds.
The argument loses sight of the policy provision that upon the death of the last surviving beneficiary any unpaid balance is to be paid to his estate. It cannot be argued that this leaves any of the principal undisposed of. It cannot be successfully maintained that, because the proceeds may become the subject of a future dispute between the beneficiaries, no disposition was made. Nor can such a possibility be made the basis for completely disregarding the valid restriction against present payment in full imposed by the insured.
Lastly plaintiffs point out that the fund from which installments are to be paid under Option D is, according to the indorsement, to be subject “ to increase by such dividends as may be apportioned by the company”. They seek to compel the defendant to add dividends to the fund. As yet no beneficiary has elected to take under Option D. Under the circumstances any direction in regard to the fund that would be created under that option would be purely academic. Plaintiffs’ motion for summary judgment denied. Defendant’s motion granted.