565 P.2d 1027

**ALBUQUERQUE HILTON INN,**
Petitioner,

v.

**Mary HALEY, Respondent.**

**No. 11292.**

Supreme Court of New Mexico.

June 29, 1977.

Shaffer, Butt, Jones, Thornton & Dines, Stephen M. Williams, Albuquerque, for petitioner.

Toulouse, Krehbiel & DeLayo, Leonard J. DeLayo, Jr., Albuquerque, for respondent.

OPINION

EASLEY, Justice.

This case arose as a civil action for damages in the District Court of Bernalillo County. The trial court, finding § 49–6–1, N.M.S.A.1953 (Repl. Vol. 7, 1966) applicable, granted the motion of defendant-appellee-petitioner (hereinafter Hilton) for partial summary judgment against plaintiff-appellant-respondent (hereinafter Haley). The Court of Appeals reversed and remanded for trial with each of the panel writing a separate opinion basing the inapplicability of § 49–6–1, supra, on different grounds.

We granted Hilton's petition for writ of certiorari, and now reverse the Court of Appeals.

The facts pertinent to disposition are as follows. On September 18, 1974, the plaintiff, Mrs. Haley, arrived in Albuquerque on a Texas International Airlines (TIA) flight. The airline informed her that her luggage had been inadvertently transferred to Los Angeles. Mrs. Haley told TIA that she was staying at the Hilton. The next morning, her retrieved luggage was delivered to the Hilton; a receipt was signed by the desk clerk, the luggage placed on the bell stand and a bellhop called to carry the bags to Mrs. Haley's room. By the time the bellhop arrived, the luggage had disappeared. It has never been found. Mrs. Haley made repeated inquiries at the desk as to the whereabouts of her luggage and was repeatedly informed that it had not yet been delivered. When she finally contacted TIA, she was shown the receipt indicating delivery to the hotel.

Mrs. Haley sued the Hilton for compensatory ($5,000.00) and punitive ($25,000.00) damages, basing her complaint on Hilton's alleged wrongful refusal to return her luggage or compensate her for its loss (Count I) and also for its refusal to assist her as promised in her attempts to locate her luggage (Count II). Nowhere in the complaint do allegations of theft or negligence appear, nowhere does the claim for relief purport to be based on or limited by the hotelkeeper's liability statute, § 49–6–1, supra. Hilton moved for partial summary judgment as to any liability beyond the $1,000.00 maximum allowed by that statute. Mrs. Haley's motion in opposition to Hilton's motion claimed that the statute did not apply (1) because it pertained only to loss of property "brought by . . . guests into the hotel" and she had not so brought the missing luggage, and (2) because it worked a deprivation of property without due process of law. The trial court granted Hilton's motion, declared that the hotelkeeper's statute applied to limit liability, awarded Mrs. Haley judgment against Hilton for $1,000.00 accordingly, and granted judgment for Hilton as to any liability in excess of that amount.

Mrs. Haley appealed the judgment, arguing the same grounds set forth in her motion in opposition to summary judgment at trial. The Court of Appeals reversed, agreeing with appellant that the statute did not apply and that there were genuine issues of material fact requiring trial.

■ We decline to adopt the reasoning of the Court of Appeals (Lopez, J.) that the statute only applies to property brought physically into the hotel by the guest or his agent. Furthermore, neither the other theories advanced by the other specially-concurring members of the panel nor the constitutional arguments presented to the two lower courts are properly before us on certiorari. Nor is consideration of these points necessary since we agree with the trial court that the statute does apply and reverse the Court of Appeals accordingly.

The statute in question provides in pertinent part that the liability of hotelkeepers for loss of guests' property is not to exceed the sum of $1,000.00. It is beyond question that the statute is in derogation of the common law rule, which provided sternly that the innkeeper was answerable as an insurer (regardless of absence of negligence) for loss of the goods, money, and baggage of his guest, except for the acts of God, the public enemy or the guest himself. As this court stated long ago [*Horner v. Harvey*, 3 N.M. (Gild.) 307, 309, 5 P. 329, 329–330 (1885)]:

> The liability of innkeepers is strict, and justly so . . . .. The law of civilized countries benignantly protects men away from home, and from those resources with which the denizen or citizen can guard himself from wrong, and protect his property from loss or injury. When the traveler comes to an inn and is accepted, he instantly becomes a guest. The innkeeper when he accepts him and his goods becomes his insurer, and the innkeeper must answer in damages for the loss or injury of all goods, money, and baggage of his guest, brought within his inn and delivered into his charge and custody . . . ..

Accord, *Landrum v. Harvey*, 28 N.M. 243, 210 P. 104 (1922).

As a general rule, statutes in derogation of the common law are to be strictly construed. *State v. Chavez*, 70 N.M. 289, 373 P.2d 533 (1962); *El Paso Cat. Loan Co. v. Hunt et al.*, 30 N.M. 157, 228 P. 888 (1924). However, this statute was obviously enacted to ameliorate the effect of the harsh common law rule, and as a remedial statute in derogation of the common law a different rule applies. *In re Gossett's Estate*, 46 N.M. 344, 351, 129 P.2d 56, 60 (1942) sets forth that rule:

> Where a statute is both remedial and in derogation of the common law it is usual to construe strictly the question of whether it does modify the common law, but its application should be liberally construed. *Archer v. Equitable Loan Assurance Society*, 218 N.Y. 18, 112 N.E. 433; *Ex Parte Dexter*, 93 Vt. 304, 107 A. 134; *Chicago, B. & Q. R. Ry. Co. v. Dunn*, 52 Ill. 260, 4 Am.Rep. 606; *Wolf v. Keagy*, Del., 3 W.W.Harr. 362, 136 A. 520; *Stem v. Nashville Interurban Ry.*, 142 Tenn. 494, 221 S.W. 192; *Robinson v. Harmon*, 157 Mich. 276, 122 N.W. 106.

> "There are three points to be considered in the construction of all remedial statutes; the old law, the mischief, and the remedy; that is, how the common law stood at the making of the act; what the mischief was, for which the common law did not provide; and what remedy the parliament hath provided to cure this mischief. And it is the business of the judges so to construe the act as to suppress the mischief and advance the remedy." 1 Cooley's Blackstone, p. 86.

Applying this rule, it becomes clear that the liberal construction of the statute, the construction which the Legislature obviously intended and which would "suppress the mischief and advance the remedy," should be applied here. This entails looking through the form of the pleadings to the substance of the action and applying the statute to limit defendant's liability.

Under circumstances similar to those involved here the Supreme Court of Hawaii held that an analogous statute applied to limit the defendant hotel's liability for the loss of a guest's mink coat to the $50.00 statutory amount, ruling that [*Minneapolis Fire & Marine Ins. Co. v. Matson Nav. Co.*, 44 Haw. 59, 67, 352 P.2d 335, 340 (1960)]:

> The rule of strict construction does not require or permit a statute "to be construed so strictly as to defeat the obvious intention of the legislature" (*Johnson v. Southern Pacific Co.*, 196 U.S. 1, 18, 25 S.Ct. 158, 49 L.Ed. 363) and even where strict construction is called for, the words of the statute are to be given their ordinary meaning. *Mann v. Mau*, 38 Haw. 421, 426; *Kamanu v. E. E. Black, Ltd.*, 41 Haw. 442, 459. "Although a rule of strict construction is applied to a statute in derogation of the common law, it should nevertheless be construed sensibly and in harmony with the purpose of the statute, so as to advance and render effective such purpose and the intention of the legislature. The strict construction should not be pushed to the extent of nullifying the beneficial purpose of the statute, or lessening the scope plainly intended to be given thereto." 50 Am.Jur., Statutes, § 404, pp. 428–9.

The trial court did not err in awarding summary judgment on the basis of the statute.

The decision of the Court of Appeals is reversed, and the summary judgment of the trial court is affirmed.

McMANUS, Jr., C. J., and FEDERICI, J., concur.

SOSA and PAYNE, JJ., dissenting.

SOSA, Judge, dissenting.

I respectfully dissent.

Although I agree with the majority's interpretation of § 49–6–1, N.M.S.A.1953 (Repl. Vol. 7, 1966), I would not apply that statute under these circumstances. In my opinion a constructive bailment arose when Albuquerque Hilton Inn accepted custody of the plaintiff's luggage, transported by an independent carrier at Texas International Airlines' request. Plaintiff was a paying

guest, thus the bailment was one for hire. See *Shamrock Hilton Hotel v. Caranas*, 488 S.W.2d 151 (Tex.Civ.App.1972); cf. *Kula v. Karat, Inc.*, 531 P.2d 1353 (Nev.1975). Thus I concur with the court of appeals and I would reverse the judgment of the trial court with direction to reinstate the case for trial.

PAYNE, J., concurs in this dissent.