STEBBINS WALBRIDGE *vs.* HILAND HALL.

The judgements of a superior court are never considered void, and, until set aside,
they are to be considered as regular judgements for every purpose : and it belongs
exclusively to such court to examine into and decide upon the regularity of its own
proceedings.   But

When courts of a special and limited jurisdiction exceed their powers, their whole
proceedings are *coram non judice*, and all concerned in such void proceedings are
trespassers.

The act of 1824, altering the jurisdiction of the county and Supreme Courts, provides
that certain cases be removed from the Supreme Court to the county court, and that
" all suits in chancery, all writs of error, and suits and appeals, where *matters of*
" *law* are to be litigated, which shall be pending in, or returnable to, the Supreme
" Court," shall be retained and tried by said Court. It was held that an action pen-
ding before the Supreme Court at the time the act went into operation, on a case
stated and agreed to by the parties, was not transferred by the act from the jurisdiction
of said Court.

The facts in a case having been ascertained by the verdict of a jury, or by the agree-
ment of the parties, it is a question of law what judgement shall be rendered thereon.

Action of *assault and battery* and *false imprisonment*, wherein
the plaintiff declared that the defendant, without any reasona-
ble or probable cause, had made an assault on the plaintiff, and
committed him to the common jail in *Bennington*, and there im-
prisoned him for the space of ten months and fifteen days.

The defendant pleaded, 1st. the *general issue* ; 2d. *accord
and satisfaction* ; and 3d. That at the term of the Supreme Court
holden at *Manchester* in the county of *Bennington*, in February,
1827, he the defendant recovered a judgement against said *Wal-
bridge*, in an action of *trover*, for $5143,90 damages, and for

$175,80 costs of suit; that execution was issued thereon, signed by the clerk of said court, on which said *Walbridge* was, within the life of it, duly committed to jail, and that said execution was afterwards, and within sixty days from its date, returned to the office of the clerk of said court from whence it issued; and that *Walbridge* was by virtue of said execution, and for the cause therein specified, kept and detained in prison for the space of time mentioned in the declaration; and that this was the same trespass and imprisonment complained of by him.

The plaintiff in his replication traversed the plea of accord and satisfaction, and pleaded *nul tiel record* to the third plea.

The decision of the cause depended wholly on the validity of the judgement mentioned in the third plea. The action in which that judgement was rendered was entered in the county court, June term, 1822, and a judgement was rendered at the same term for the defendant on the general issue. The plaintiff appealed to the Supreme court, and the appeal was entered there at the February term, 1823; at which term a judgement was rendered for the plaintiff, and the defendant had leave to review the cause. At the next term, February, 1824, the parties agreed on a stated case, containing certain depositions which were to be considered a part of it. While the action was thus pending in the Supreme Court on this stated case, the legislature passed an act reorganizing the county and Supreme Courts, altering their jurisdiction, and directing that certain matters and causes pending in either court should be removed to, and tried by, the county court as established by said act, and " That all suits in chancery, all writs of " error, and suits and appeals, where *matters of law* are to be " litigated, which shall be pending in, or returnable to, the Su- " preme Court in any county when this act shall come in force, " shall be heard and determined, and the parties thereto shall " appear and have day in court and attend to the same, at the next " term of said Supreme Court, to be holden in such county, ac- " cording to the provisions of this act." The cause was retained by the Supreme Court, and was tried at February term, 1827, on the case stated and agreed to, as before mentioned; both parties submitting to its jurisdiction of the cause without objection.

The defendant, at the trial in the county court, in support of the issue on his part, offered in evidence the record of the said judgement; which the plaintiff objected to on the ground that, by the act aforesaid, the Supreme Court had no jurisdiction of the cause. But the objection was overruled, and the record admitted, the

BENNINGTON, court being of opinion that the Supreme Court had jurisdiction,
February, and that said judgement and proceedings thereon were a bar to a
1830. recovery in the suit. The case was reserved for the considera-
Walbridge tion of this Court.
vs.
Hall.

*Argument for the plaintiff.*—It is contended that the record of
the judgement set forth in the plea in bar was inadmissable on the
ground that, from the record it appears the Supreme Court had
not jurisdiction of the case, but that, under the statute of 1824,
it was exclusively within the jurisdiction of the county court.
From the record offered it appears that cuase was pending in the
Supreme Court in the year 1824, under the plea of *not guilty*,
closed to the court ; and no question can be made but that the
case should have passed to the county court under the 9th sec-
tion of the act, unless the case agreed upon by the parties will
enable the Supreme Court to retain jurisdiction of the same.

The 11th section of the act is the only one upon which it can
be contended that the Supreme Court could retain the case with-
in their jurisdiction. This section provides, " that all suits in
chancery, writs of error, and suits and appeals, where *matters in
law* are to be litigated," shall be retained by the Supreme Court.
The two first cases, to wit, " suits in chancery and writs of error,"
do not pass to the county court by the 9th section. The whole
case then depends upon the construction to be given to the words
" suits and appeals, where matters in law are to be litigated."
The rational construction of this statute is, that when all the *facts
are judicially found*, and *have become* a *part* of the *record*, it is a
case of law, and could be retained by the Supreme Court.
That the facts in this case were not judicially found, and were not
a part of the record, is apparent from the fact, that a writ of error
could not be sustained on such a case.—9 *Mass. Rep.* 329 ;—
11 *Mass. Rep.* 394.

The only method of making a case of law within the meaning
of the act was—1. by a bill of exceptions ; 2. by the jury signing
a verdict subject to the opinion of the court as to the law upon
the facts agreed ; 3. by a special verdict. It cannot be pretend-
ed that this case can fall within the two first, for in those cases the
issue was found between the parties, and the court sits to revise
the proceedings, and see whether the verdict was correctly ren-
dered : but in this case the issue was not found, but open as
if pending before a jury. Neither can it fall within the
third case ; for in cases of special verdicts the facts are judicially
found, and are obligatory upon the parties. But in this case,

the facts agreed to were not obligatory, and had the case gone for trial to the county court, or any subsequent term of the Supreme Court, the parties could have objected to the conclusiveness of the facts agreed to, and required the issue to be proved by competent and legal testimony.—2 *N. H. Rep.* 181.

It will not be pretended, but that, at the time the statute came into operation the case belonged exclusively to the county court. The case was then in the county court by operation of the statute without any act to be done by the court ; for their order and duty were purely ministerial. The fact that the issue of *not guilty* was joined by the pleadings, and no verdict or judgement had been rendered upon the issue, is, it is believed, conclusive upon the question ; for under that issue, before the facts were agreed to, the parties could require the introduction of the best evidence the nature of the case demands : and this agreement of facts amounts to no more nor less than the introduction of secondary evidence to maintain the issue.

Again, as a conclusive answer on this point of the case, it appears that the facts in the case were not all agreed to by the parties, and, for this purpose, the depositions of different individuals were filed containing much conflicting testimony upon material facts in the case.

If it be true that under the statute of 1824, the Supreme Court had not jurisdiction of the case, but the same was within the jurisdiction of the county court, it is contended, that this action is sustainable upon the most plain and settled rules of the common law, that where the court, under whose judgement the party justifies, has not jurisdiction over the subject matter of the action, or, having jurisdiction over the subject matter, their proceedings are such as render them *coram non judice*, the same is void, and the party acting under them is a trespasser.—8 *Term Rep.* 425, *Brown* vs. *Compton ;*—10 *Coke*, 76 *(a)* 6 *;*—2 *Blac. Rep.* 845, *Parsons* vs. *Lloyd ;*—1 *Chitty's Plead.* 168;—2 *Sel. N.P.* 546.

*Argument for the defendant.*—Defendant justifies under an execution issued upon a judgement of the Supreme Court, February term, 1827. It appears by the record that the case was agreed to by the parties, and tried by the court by consent. It is objected by the (now) plaintiff that the case *embraced questions of fact* ; that the court at the time of rendering the judgement was not authorized *to try matters of fact*, that, therefore, the proceedings of the court were *coram non judice*, and the party executing the judgement a trespasser. The defendant contends—

Bennington, I. That the case was properly tried by the Supreme Court : 1. At
February,
1830.     the time of making the case (February, 1824) the court was spe-
Walbridge  cially authorized by statute (page 113) to try *all questions of
vs.       *fact*, the parties so agreeing.     2. This authority is not expressly
Hall.
taken away by any subsequent statute.     3. The case made by
the parties, though *in form* a case of fact, was *substantially* a
question of law ; and it is believed that by the immemorial practice
of this court, such cases have been substituted for, and treated in
the nature of, special verdicts—triable as matters of law.

II. But conceding that the case was improperly tried by the
court—that the court even exceeded their authority ; the proceed-
ing is not therefore absolutely *void* ; but is merely erroneous.—
For the judgement of a Superior Court is never void, but is only
*voidable* by plea or error.—7. *Bac. Ab.* 67 ;—1. *Chitty's Pl.*
183 ;—*Prigg* vs. *Adams*, 2 *Salk.* 674 ;—*Kempe* vs. *Kennedy*, 5
*Cranch*, 185.     For this doctrine it is a good reason that there is
no superior tribunal before which the proceedings can be review-
ed.     If trespass be brought, the plaintiff must either call upon an
inferior court to pronounce the proceedings of its superior *void*, or
upon the superior to review its own proceedings on a collateral
suit.     Either course involves an absurdity.     If a superior court
exceed its authority, the remedy must be for the party on ap-
plication to the court to set aside the proceedings ; or against the
court—by impeachment.

This is not a case of *irregularity* in which the party can be
distinguished from the *court or its officers* ; but if there be any
fault,it is the fault of the court as well as the party,and all are liable
in trespass, or none.     *Cleaveland* vs. *Hopkins*, 2. *Aikens*, 399.
But the judges of a superior court can never be made liable for
any thing done by them in a judicial capacity.–*Hammond* vs. *How-
ell*, 2 *Modern*, 218 ;—*Miller* vs. *Seeve*, 2 *Bl. Rep.* 1141 ;—
*Yates* vs. *Lansing*, 5 *Johns. Rep.* 290—1, 293-4—1. *Swift's
Dig.* 496.

But if the proceeding were deemed an *irregularity* of the par-
ty without the fault of the court, still the judgement would be a
protection to the party until set aside.—*Ham. N. P.* 54,55 ;—
1. *Strange*, 509.–*Reynolds* vs. *Douglass*, 3. *Caines'*, 270 ;—*Al-
len* vs. *Huntington*, 2 *Aikens*, 251.—And the reason is that a su-
perior court must judge of the regularity of its own proceedings,
and,in setting them aside, can impose equitable terms on the party
injured ; as that he shall not bring trespass, &c.

III. But if the judgement, be treated as one of an inferior court,

still it is a justification to the party. The subject matter of theBENNINGTON,
February,
1830. action was trover, which action the court had authority to try ; and the defect at most was an improper *course of proceeding*, an *ir-*

Walbridge
vs.
Hall.

*regular mode of ascertaining the merits of the action*,and,therefore, the proceeding was merely erroneous. *Ham. N. P.* 50;—*Marshalsea Case*, 10 *Rep.* 76—*Ab.* 301 ;—*Yates* vs. *Lansing*, 5 *John.* 289, 290.—The appearance and consent of *Walbridge* to the trial, if it would not give jurisdiction to the court, must be deemed an estopping him from maintaining trespass.—*Ham. N. P.* 50. *n. w.—Cowp.—*20.

The opinion of the Court was delivered by

WILLIAMS, J.—In this case *Mr. Hall*, the defendant, who is sued by the plaintiff for an assault and battery and false imprisonment, justifies under an execution issued on a judgement of this Court at their February term, 1827. The plaintiff contends that the judgement and execution will not protect the defendant, inasmuch as the Court had no jurisdiction of the case. The judgement has not been vacated nor set aside ; but it is contended that by the statute passed in 1824, the jurisdiction of the action, in which the judgement was rendered,was taken from the Supreme Court, and transferred to the county court. This leads to the inquiry whether the jurisdiction of this Court can be inquired into, and their judgements declared void,in the way now attempted,as well as the inquiry whether the jurisdiction was thus transferred. If the proceedings of this court in rendering the judgement and awarding the execution, under which the defendant justifies, are void, then neither the Court nor the parties are protected by them ; but are trespassers, and liable, as such, to the party injured. And if we render judgement for the plaintiff we must subscribe to this position, however unpalatable it may be. We believe, however, that the judgement of the highest tribunal of law and equity in this state cannot be impeached in this way. The judgements of a superior court are never considered void, (7 *Bacon*, 67,) and the judges of a superior court are never liable personally for acts done in a judicial capacity. This subject was fully considered in the case of *Yates* vs. *Lansing*, 5 *Johns.* 282, and 9 *Johns.* 394 ; and the able opinion of chief justice *Kent* on that point was not shaken by the arguments brought against it, but was sustained by a majority of the judges of the Supreme Court, and the court of errors of the state of *New-York*. If it was not so, this absurdity would result, under our judicial system, that the inferior courts would be called on to review and set aside, or disregard,the judge-

BENNINGTON,
February,
1830.

Walbridge
vs.
Hall.
ments of the Supreme Court; and the proceedings of the inferior courts would pass to the same court for revision, and be liable to be vacated or reversed. In this case we are called upon to disregard a judgement once rendered before us, and say that it shall not protect the party acting in obedience to its precepts. When courts of a special or limited jurisdiction exceed their powers, their whole proceedings are *coram non judice*, and all concerned in such void proceedings are trespassers. But this principle never has been, and cannot be, extended to superior tribunals, and especially to those which have the ultimate jurisdiction in all cases arising in the other courts. If the judgement here complained of was either erroneous or irregular, the court, on a proper application, would set it aside : but, until set aside, it is to be considered as a regular judgement for every purpose : and it belongs exclusively to this Court to examine into and decide upon the regularity of its own proceedings. The act of 1824 was subject to judicial construction as well as any other act of the legislature. Of the causes or actions then pending before this Court, it was for them to determine what part, according to the statute, were to be retained in this court, and what part should be removed to the county court. And the party who acts in obedience to their determination is not to be made responsible for the correctness of it, nor is the correctness of it to be a subject of inquiry before any other tribunal. There can be no doubt but that the judgement was a complete justification to the defendant, and a full answer to this suit.

We are also fully satisfied that the action on which the judgement was rendered, was properly retained, and heard and determined, in this court. The cause came by appeal into this court before the passing of the act of 1824, at a time when trials of issues of fact, as well as of law, were had in the Supreme Court. One trial was had before the court, and a review entered. The facts were then agreed on, a case was made, and the cause was submitted to the court for their consideration. The facts having been ascertained, whether by verdict of a jury, or by agreement of parties, it became a question of law what judgement should be rendered thereon. The hearing was upon a case stated, as upon a special verdict : no testimony was to be weighed, and no facts were in dispute ; no other inferences were to be drawn from the facts agreed on, except inferences of law. By the 11th section of the statute, before referred to, it is provided, " that all writs of error, suits and appeals, where *matters in law* are to be litigated

BENNINGTON,
February,
1830.

Walbridge
vs.
Hall.

which shall be pending in or returnable to the Supreme court in any county when the act comes in force, shall be heard and determined, &c., at the next term of the Supreme court." This case being then properly depending before this Court when the act came in force, the facts having been ascertained, and a case made and agreed on, it was rightly considered, and treated both by the parties and Court, as a suit where "*matters in law*" alone were to be litigated, the jurisdiction of which exclusively belonged to the Supreme Court. It was so considered by the Court, as appears from the report of the case in 2 *Aikens*, 215. It was argued at the term of the court in 1826, continued for advisement, and judgement rendered at the next term, and the objection now raised was not made or suggested either by the court or counsel.

In the brief presented to the Court by the plaintiff's counsel, a reference is made to two cases decided in *Massachusetts*. In the case of *Wellington vs. Stratton*, 11 *Mass.* 394, which was an appeal from the judgement of the court of common pleas, rendered upon a case stated by the parties for the opinion of the court, *Judge Jackson*, who gave the opinion of the court, says, that it has been decided that a writ of error does not lie upon a judgement rendered on a case stated by the parties for the opinion of the court, and says, that the principle established is, that when the parties have agreed that a certain judgement shall be rendered for either of them, according to the opinion of the judges, upon a case stated, the court of errors cannot rescind that agreement and enter a different judgement. If this reasoning is sound and is applied to the present case, it would prevent the parties from questioning the judgement rendered by this Court in the case referred to. The cause was regularly before the Court—the parties agreed upon a case, and that judgement should be rendered thereon according to the opinion of the Court; and if it could not be reversed by a superior tribunal, if any such was known to our law, it certainly could not be questioned in another suit between the parties.

The judgement of the county court is affirmed.

*Squire & Isham*, for plaintiff.

*Hall, Bennet & Aiken*, for defendant.