ERWIN  W.  CUNNINGHAM  *v.*  BRADFORD  AGRICULTURAL  AND

TROTTING  ASSOCIATION.

May Term, 1910.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 22, 1910.

*Assumpsit—Evidence—Bill of Exceptions—Meagerness—Failure*
*to Show Error—Trial—Argument of Counsel.*

Where a bill of exceptions shows only that on trial of an action of assumpsit
for labor performed by plaintiff, who was treasurer of defendant asso-
ciation, plaintiff testified that when he became such treasurer it was
his duty to dispense the money and pay the bills, and that thereupon
he was asked, "Wasn't that what you were doing?" and, under his objec-
tion and exception answered, "In a way that was what I was doing,
yes sir," error does not appear.

Nor does error appear from the allegations that plaintiff, having testified
in cross-examination that defendant's board of directors had agreed
to settle with him on a certain basis, was then asked, under his objec-
tion and exception, whether that was the reason he did not turn over
a certain $100, and he answered, "Why, that was not the reason
why I did not turn over, the reason why I did not turn over was because
I considered that they owed me the $100, at least."

Error does not appear where a bill of exceptions shows only that, on trial
of an action of assumpsit for labor performed by plaintiff, who was
defendant's treasurer, the cross-question asked defendant's president,
who was also one of its directors, whether it had been customary for
officers or people connected with defendant association, and who had the
handling of funds during fair time, to pay themselves for their services
and expenses out of such funds in their hands, to turn the balance
over to the treasurer, and to present the witness, or some other director,
a bill for the amount kept, to be approved and passed to the treasurer
in settlement, was excluded, under plaintiff's objection and exception
and his offer to show by the witness that it was not customary to act
according to the by-laws, but in some other way, that the directors
knew and sanctioned that course of procedure, and that they nullified
the by-laws to that extent.

Where, under plaintiff's exception, defendant's counsel in argument to the
jury said, "If you return a verdict for this plaintiff, I will sue
every one of you before to-morrow night," and there was no retraction
or explanation of that statement, and verdict and judgment were for

defendant, a new trial will be granted, although the bill of exceptions
states that in the opinion of the trial court, the remark was made by
way of illustration of defendant's claim that plaintiff had no  ground
of recovery.

ASSUMPSIT for labor performed.  Plea, the general issue.
Trial by jury at the June Term, 1908, Orange County, *Waterman*
J., presiding.  Verdict and judgment for the defendant.  The
plaintiff excepted.  The opinion states as much of the case
as the record shows.

*F. S. Williams* for the plaintiff.

*David S. Conant* and *R. M. Harvey* for the defendant.

HASELTON, J.  This is an action of assumpsit in which
the plaintiff claimed to recover from the defendant for labor
performed for the defendant.  The plea was the general issue.
Trial by jury was had, and verdict and judgment were for the
defendant.

It should seem from the exceptions that the plaintiff was
treasurer of the defendant association, though this fact is not
directly stated in the exceptions which are somewhat meager.
Upon the cross-examination of the plaintiff, who was a witness,
he was asked the question: "Didn't you understand when
you assumed the duties of treasurer of the association, it was
your duty to disburse the money and pay the bills?"  The
witness answered "Yes," and was then asked, "Wasn't that
what you were doing?"  Under objection and exception he ans-
wered:  "In a way that was what I was doing, yes, sir."  There
is not enough in the exceptions to show that there was error
in allowing this question and answer.  The plaintiff, having
in cross-examination, without objection and exception, further
stated that the board of directors, spoken of as the new board
of directors, had agreed to settle with him on "certain basis,"
was asked, under objection and exception, if that was the reason
why he did not turn over a certain sum of a hundred dollars.
He answered:  "Why, that was not the reason why I did not
turn over, the reason why I did not turn over was because
I considered that they owed me the $100. at least."  As to this

question and answer it is enough to say that we cannot find error on the statements contained in the bill.

In the cross-examination of the president of the defendant company he was asked whether or not it had been customary with the association for officers or people connected with the association who had the handling of funds during fair time to pay themselves for their expenses and services out of the funds in their hands, and to turn the balance over to the treasurer, and for a bill for the amount kept to be presented to the witness or some director and for such bill to be approved and passed to the treasurer in settlement. This question was objected to, and thereupon it was defended on the ground that it would be shown by the witness, who was the president and one of the directors of the defendant, that it was not customary to act according to the by-laws but some other way, and that all the directors knew and sanctioned such course of procedure and that the by-laws were to the extent of such procedure nullified by the directors. The question was excluded and the plaintiff excepted. We do not know what the by-laws were as they are not referred to in the bill of exceptions and in no view of the rules of evidence as to custom and its effect does the bill of exceptions disclose error in the exclusion of this question.

During the close of the argument for the defendant, counsel said to the jury: "If you return a verdict for this plaintiff I will sue every one of you before tomorrow night." To this statement an exception was allowed at the time. There was no retraction or explanation of this amazing and doubtless unprecedented declaration. The bill of exceptions states that in the opinion of the trial court this remark was made by way of illustration of the defendant's claim that the plaintiff had no ground of recovery, but the understanding of the matter by the jury is the thing to be considered. If such a statement may be made in one case it may be in another. In order that in the trial of cases the due course of justice may be unobstructed we have no choice but to grant a new trial.

*Judgment reversed and cause remanded.*