IN RE ANNA FELCH DEXTER.

February Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ., and FISH, SUPR., J.

Opinion filed May 8, 1919.

*Habeas Corpus—Correction of Errors—Supreme Court—Jurisdiction—Exclusive Judge of—Remedial Statutes—Construction—G. L. 2598—Exception by State—Denial of Bail—Court's Discretion.*

The judgment of a court of last resort cannot be attacked by a writ of *habeas corpus*, since that writ cannot be given the effect of a writ for the correction of errors or irregularities.

The Supreme Court has exclusive jurisdiction to examine into and decide upon the regularity of its own proceedings, which it will always do on proper application.

The Supreme Court has general and plenary jurisdiction as a court of error when its jurisdiction is properly invoked, with full power to try and determine questions brought before it "pursuant to law" (G. L. 1578).

The Supreme Court, by hearing and deciding a question presented to it without objection, takes jurisdiction of it; and jurisdiction thus assumed will be presumed, and is not open to collateral attack.

A court of last resort is the exclusive judge of its own jurisdiction, and its judgments are never void, but are regular for every purpose, until set aside by it in some proper proceeding for that purpose.

A remedial statute asserted as modifying a rule of the common law must receive a strict construction on the question whether it does modify it, but, if found to replace a common-law rule, in whole or in part, it must be given the same effect by liberal construction as it would otherwise have.

A remedial statute is one designed to cure a mischief or remedy a defect in existing laws, and G. L. 2598, allowing the State exceptions in criminal cases, is remedial, and its construction should be liberal, and, within its language, commensurate with its purpose.

Under G. L. 2598, the "questions of law decided against the State"

are not confined to express decisions, but may be either express or implied; and the allowance of an exception amounting to an implied ruling that the repetition of a question previously excluded was legally proper, was tantamount to an express ruling to that effect.

Where the respondent acquitted of murder was at large on bail, and, upon the reversal of the case by the Supreme Court on exceptions taken by the State, the county court denied her bail as matter of law, such ruling cannot be reviewed in *habeas corpus* proceedings.

Chapter II, section 32, of our Constitution, providing that all prisoners, unless in execution, or committed for capital offences, when the proof is evident or presumption great, shall be bailable by sufficient sureties, is to be interpreted in the light of the common law.

At common law a person accused or indicted of any felony whatsoever was bailable in the discretion of the court, upon good sureties, until he was convicted.

Because of the circumstances of this case, and the fact that the relator was not accorded the county court's discretion as to bail, she will be admitted to bail pursuant to the provisions of G. L. 2236, providing for bail in *habeas corpus* proceedings.

PETITION for writ of *habeas corpus* brought to the Supreme Court for Orange County, and heard on the petition.

The relator's petition, after setting forth that she is the identical person named and designated as Anna Felch in the indictment in the cause entitled *State of Vermont* v. *Anna Felch* (decided by the Supreme Court and reported in 92 Vt. 477, 105 Atl. 23), in which she was acquitted at the June Term, 1917, of Orange county court, and released from custody and allowed to go at large upon her own recognizance in the sum of one thousand dollars, and that later the Supreme Court, at its November Term, 1918, sustained the exceptions taken by the State at the trial and remanded the case for retrial, alleges:

"4.  That at a term of said Orange county court, begun and held at Chelsea on the first Tuesday of December, 1918, the relator, being theretofore advised that she was required to appear at said time and place, did then and there personally appear, and made and filed the following motions:  (1) Motion to discharge respondent; (2) motion for judgment on the verdict of not guilty, rendered at the June Term, 1917; and (3) motion to admit to bail; that said county court denied each of said motions,

as a matter of law, to which the relator then and there excepted; that said exceptions were then and there allowed, and ordered to lie without prejudice to the respondent's right to have the same passed to the Supreme Court thereon, as well as on exceptions taken by said respondent at any subsequent stage of said cause.

"5.   That the relator was then and there ordered into the custody of the sheriff of said county of Orange by said county court, and the clerk thereof was by said county court then and there directed to issue a warrant for the commitment of the relator to the keeper of the county jail at Chelsea aforesaid; that said clerk then and there issued said warrant, and the relator was then and there, to wit, on the 3d day of December, 1918, committed to the keeper of said county jail, within the said jail, pursuant to said warrant, where she now is and ever has been since said 3d day of December, 1918; and a copy of said warrant, with the officer's return thereon, is hereto annexed.

"6.   That the relator is now restrained and imprisoned by George A. Tracy of said Chelsea, in the county jail at said Chelsea (he being the keeper thereof), without authority of law; that said restraint and imprisonment are by virtue of the warrant specified in the preceding paragraph; that the relator is informed and believes, and therefore avers, that said warrant was issued without authority of law, and that said county court was without jurisdiction to direct the issue thereof; and, on like information and belief, the relator avers the following facts in support of her contention that such restraint and imprisonment are without authority of law:

(a)   That said cause was passed to the Supreme Court, on exceptions taken and allowed in behalf of the State, under the provisions of section 1 of the Acts of 1912, now G. L. 2598; that in and by said statute, the State's right to such exceptions is limited to 'questions of law decided *against the State*,' and that the jurisdiction of the Supreme Court is limited to the determination of such questions.

(b) That, in the opinion of the Supreme Court in the case of the State against the relator (92 Vt. 477, 105 Atl. 23), but two of the State's exceptions were sustained; that the first exception so sustained related to the exclusion of the question asked the witness L. T. Welch, as to the expression of the respondent's face and eyes; that the Supreme Court, while

holding that such exclusion was error, uses the following language (92 Vt. 477, p. 487, 105 Atl. p. 27) : 'Without saying that it was of sufficient importance to require a reversal, we hold that it was error to exclude the offered evidence;' and the relator submits that such language implies that, if there had been no error other than this, said cause would not have been remanded for retrial.

(c)    That if the relator's construction of the opinion is correct, the only exception of the State on which such remand was predicated related to the asking by respondent's counsel of the witness Otis Williams of a question that had previously been excluded by the trial court; that the transcript of the evidence in said cause shows that the trial court excluded such question on the ground that it had already been ruled upon; that thereupon the State asked for an exception to the propounding of such question, to which the court responded, 'If the State is entitled to it he shall have it;' that the action of the trial court on these exceptions did not involve a decision of questions of law against the State; that no such questions of law were in fact decided against the State; that the decision of the trial court, so far as questions of law were concerned, was *for* and not *against* the State; wherefore, if the statute hereinbefore referred to prescribes and limits the jurisdiction of the Supreme Court to pass upon questions raised by exceptions taken by the State, the relator submits that the Supreme Court was without jurisdiction to determine the question presented by this particular exception.

(d)    That the relator is informed and believes, and therefore avers, that if such remand was predicated solely on the exception specified in the preceding paragraph, the Supreme Court was without jurisdiction to remand the cause, and that all proceedings thereafterward had and taken in said cause were without authority of law; that the county court could not thereafterward take jurisdiction of said cause; that the order of said county court directing the issue of the warrant upon which the relator was committed, and under which she is now restrained and imprisoned, was made without authority of law; and that her restraint and imprisonment thereunder are without authority of law.

"7.    That the relator is now restrained and imprisoned, as

aforesaid, for the purpose of holding her to answer on the indictment specified in paragraph 2 of this petition; and she submits that such restraint, imprisonment, and holding are contrary to the true intent and meaning of section 2491 of the General Laws of Vermont, and therefore without authority of law; and she further submits, in view of said statute, that such restraint, imprisonment, and holding are contrary to the Tenth Article of Chapter One of the Constitution of Vermont, in that she is deprived of her liberty contrary to the laws of the land.

"8. That the relator is informed and believes, and therefore avers, that the Orange county court, at the December Term, 1918, was without jurisdiction and authority to deny, as a *matter of law*, her motion to be admitted to bail, and to direct the issue of a warant for her commitment predicated on such denial, in manner and form as set forth in paragraph 4 of this petition.

"9. That the relator is informed and believes, and therefore avers, that she is now unlawfully restrained, imprisoned, and held, as aforesaid:

(a) For that, under the Fourteenth Amendment of the Constitution of the United States, the relator cannot again be lawfully tried on said indictment, after such verdict of not guilty, in that such retrial would abridge her privileges and immunities as a citizen of the United States, and would deny to her such due process of law and such equal protection of the laws as are secured and guaranteed to her in and by said Fourteenth Amendment; and (b) for that such restraint, imprisonment, and holding of the relator for the purpose of requiring her further to answer on said indictment, after such verdict of not guilty, are contrary to said Fourteenth Amendment, in that she is thereby deprived of her liberty without due process of law."

*R. A. Hoar, A. G. Fay,* and *Hale K. Darling* for the Relator.

G. L. 2598, being strongly derogatory to the common law, should be construed strictly, and the jurisdiction thereby conferred should be kept within the precise limits therein imposed. *Barker* v. *Estey,* 19 Vt. 131; *Farnsworth* v. *Goodhue,* 48 Vt. 209; *Dewey* v. *St. Albans Trust Co.,* 57 Vt. 332; *State* v. *Shaw,* 73 Vt. 149; *Shaw* v. *Merchants Nat. Bank,* 101 U. S. 557; *Beale* v. *Posey,* 72 Ala. 323; *Cook* v. *Meyer Bros.,* 73 Ala. 580; *Commonwealth* v.

*Knapp,* 9 Pick. 496; *Dwelly* v. *Dwelly,* 46 Me. 377; *Hollman* v. *Bennett,* 44 Miss. 322; *Coleman* v. *Hart,* 37 Wis. 180; *Green* v. *Check,* 5 Ind. 105; *Steele* v. *State,* 26 Ind. 82; *Reynolds* v. *Holland,* 35 Ark. 56; *Bidwell* v. *Whitaker,* 1 Mich. 469; *Johnson* v. *Hudson R. Co.,* 49 N. Y. 455; *Gibson* v. *Commonwealth,* 87 Pa. St. 253; *State* v. *Lavell,* 23 Iowa 304.

Where authority to proceed in courts is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory and must be strictly conformed to, otherwise the proceeding will be void. *Webb* v. *Baird,* 6 Ind. 13; *Sullivan* v. *Steam Packet Co.,* 10 Minn. 386; *Re Norwegian Street,* 81 Pa. St. 349; *Elliott* v. *Chapman,* 15 Colo. 383; *State* v. *Powers,* 36 Conn. 77; *Seymour* v. *Judd,* 2 N. Y. 464.

Jurisdiction cannot be conferred by waiver or by agreement of the parties. *State* v. *Hirsch,* 91 Vt. 330; *Collamer* v. *Page,* 35 Vt. 387; *Glidden* v. *Elkins,* 2 Tyl. 218; *Little* v. *Fitts,* 33 Ala. 343; *Hamilton* v. *Buxton,* 5 Ark. 400; *Peak* v. *People,* 71 Ill. 278; *Fleischman* v. *Walker,* 91 Ill. 318; *Phillips* v. *Welch,* 11 Nev. 187; *M'Call* v. *Peachy,* 1 Call. (Va.) 55; *State* v. *Richmond,* 26 N. H. 232; *Board of Com.* v. *Sloan,* 4 Colo. 128; *Thorne* v. *Ornauer,* 6 Colo. 39; *Railroad Co.* v. *Harrold,* 3 Ind. App. 592; *Wasson* v. *Heffner,* 13 Ohio St. 573; *Vogel* v. *Antigo,* 81 Wis. 642; *State* v. *Bulling,* 100 Mo. 87; *State* v. *Vorhies,* 41 La. Ann. 540; *Mastick* v. *Superior Court,* 94 Cal. 347; *Case* v. *Palmer,* 25 Me. 341.

If a court which renders a judgment has not jurisdiction to render it either because the proceedings or the law under which they are taken are unconstitutional or for any other reason, the judgment is void and may be questioned collaterally, and a defendant who is imprisoned under and by virtue of it may be discharged from custody on *habeas corpus. In re Nielson,* 131 U. S. 176, 33 L. ed. 118; *Ex parte Lange,* 18 Wall. 163, 21 L. ed. 872; *Ex parte Siebold,* 100 U. S. 371, 25 L. ed. 717; *In re Snow,* 120 U. S. 274, 30 L. ed. 658; *Ex parte McKnight,* 48 Ohio St. 588, 14 L. R. A. 128; *State ex rel Styles* v. *Baeverstad,* (N. D.) 97 N. W. 548; *Mathie* v. *McIntosh,* 40 Wis. 120.

Want of jurisdiction may be taken advantage of at any stage of the proceedings. *Kelley* v. *Moretown,* 71 Vt. 340; *Sanders* v. *Pierce,* 68 Vt. 468; *Lamson* v. *Worcester,* 58 Vt. 381; *Niles* v. *Howe,* 57 Vt. 388; *French* v. *Hoyt,* 57 Vt. 187; *Thayer* v. *Mont-*

*gomery,* 26 Vt. 491; *Shepard* v. *Beede,* 24 Vt. 40; *Stoughton* v. *Mott,* 13 Vt. 175.

*Frank C. Archibald,* Attorney General, and *John C. Sherburne,* State's Attorney, for the State.

MILES, J. The relator was acquitted by a jury on the charge of murder, and the case was brought to this Court on exceptions by the State before judgment, pursuant to G. L. 2598. After a full hearing certain of the exceptions were sustained, the verdict was set aside, and the cause remanded for a new trial. Error was found in the exclusion of certain evidence, and in the conduct of respondent's counsel in repeating a question after the same had been excluded by the court. It was not found necessary to decide whether the former, error was sufficiently harmful to require a reversal, as it was found that the latter clearly constituted harmful and reversible error. See *State* v. *Felch,* 92 Vt. 477, 105 Atl. 23.

The relator's argument in support of the complaint assumes that the only error on which the reversal can be predicated relates to the conduct of her counsel at the trial. Her claim is that this Court did not have jurisdiction to order the remand, for that by G. L. 2598, it can hear and determine only questions of law decided against the State by the trial court; and that the exception on which the case was reversed was not within the purview of the statute, as it was not to the decision of the court but to the conduct of counsel. Granting for the sake of the argument, though by no means conceding, that the sole basis of the reversal was as the relator assumes, we come to the consideration of the various claims advanced by the relator why her complaint should be sustained.

Relator's counsel recognizes the limitations of these proceedings (as to which see *In re Turner,* 92 Vt. 210, 214, 102 Atl. 943), and rely solely upon the claim that this Court was without jurisdiction in *State* v. *Felch* to render judgment setting the verdict aside and remanding the cause for a new trial on the exception to the conduct of counsel. But this proceeding calls that judgment in question collaterally, and it is well settled that the writ of *habeas corpus* cannot be given the effect of a writ for the correction of errors or irregularities. *In re Turner, supra; In re Fitton,* 68 Vt. 297, 300, 35 Atl. 319. Manifestly the

judgment of a court of last resort cannot be attacked by this writ, for a single justice of this Court, the county court, or a superior judge are given jurisdiction of the writ; and, if open to such attack, we would have the absurdity of an inferior court sitting in review of the judgment of a court of last resort. It belongs exclusively to this Court to examine into and decide upon the regularity of its own proceedings, which it will always do on proper application. See *Walbridge* v. *Hall*, 3 Vt. 114.

The relator's claim that the jurisdiction of this Court is not general, but special and limited, cannot be sustained. It has plenary jurisdiction as a court of error when its jurisdiction is properly invoked, with full power to try and determine questions brought before it "pursuant to law." G. L. 1578. Its jurisdiction is in no way modified or controlled by anything contained in G. L. 2598. That statute prescribes in what case the State may have exceptions, and, if an exception is taken and allowed without right, it would be a fatal objection to the exception, if properly raised and presented in this Court. But the objection does not go to the Court's jurisdiction. If the question is brought up on a proper bill of exception, viz., "pursuant to law," the Court has jurisdiction to decide the merits of the exception. Manifestly, it would have authority to overrule the exception; and by the same token, if it erroneously sustained the exception, it would not act without jurisdiction.

In *State* v. *Felch* the jurisdiction of this Court was invoked in a legal manner. Confessedly certain of the questions raised by the State's exceptions were brought before the Court "pursuant to law." Though the validity of the verdict was challenged on several grounds, the subject-matter of the proceeding in error was single and entire, viz., the verdict which it was sought to set aside. See *Kramer* v. *Toledo, etc., R. R. Co.*, 53 Ohio St. 436, 42 N. E. 252. No question was then made that the exception now challenged was not properly before the Court for consideration equally with the others; indeed, it was argued by both sides. By hearing and deciding the question thus presented, the Court took jurisdiction of it. Jurisdiction thus assumed will be presumed and is not open to collateral attack. Necessarily the court of last resort must be the exclusive judge of its own jurisdiction. 15 C. J. 1026, § 445. The judgment of such a court is never void, but is regular for every purpose until set aside by it in some proper proceeding for that purpose. *Wal-*

*bridge* v. *Hall, supra.* It was held in *Hathaway* v. *Holmes,* 1 Vt. 405, 418, that the judgment of a court of record, acting within its jurisdiction, is conclusive until set aside by error or other proper proceeding; and it cannot be vacated, nor its merits examined into, on *habeas corpus.*

Nor can we agree with the relator's contention that the point on which the case was reversed did not involve a ruling of law against the State. This depends upon the construction to be given the statute. It is urged on the one hand that the statute is in derogation of the common law, and should be construed strictly, while on the other hand it is said that it is remedial, and so entitled to a liberal construction.

It is an established principle that the rules of the common law are not to be changed by doubtful implications, nor overturned except by clear and unambiguous language (*State* v. *Shaw,* 73 Vt. 149, 171, 50 Atl. 863) ; and the rule is equally well established that remedial statutes are to be construed liberally to effectuate their purpose. *State* v. *C. V. Ry. Co.,* 81 Vt. 459, 71 Atl. 193, 21 L. R. A. (N. S.) 949. The relator takes the anomalous position that, if the statute is remedial (and so within the latter rule), nevertheless it is to be strictly construed because it is in derogation of the common law. But rightly understood there is no conflict between these rules of construction. A remedial statute asserted as modifying the rule of the common law must receive a strict construction on the question whether it does modify it; but if found, when so regarded, that it was intended to replace a common-law rule, in whole or in part, it must be given the same effect by liberal construction as it would otherwise have. See *Archer* v. *Equit. Life Assur. Assn.,* 218 N. Y. 18, 112 N. E. 433. That the statute in question modifies the common law will at once be conceded, and that it is remedial in character is quite apparent. A remedial statute is one designed to cure a mischief or remedy a defect in existing laws (*City of Montpelier* v. *Senter,* 72 Vt. 112, 114, 47 Atl. 392) ; and a statute for the correction of errors is of this character. *White County* v. *Key,* 30 Ark. 603, 36 Cyc. 1173. Plainly enough the Legislature acted upon the belief that the rule of the common law which denied the State exceptions in criminal cases was mischievous—was a defect in criminal procedure for which a remedy was demanded. It follows that the construction of the statute should be liberal and, within its language, commensurate with its purpose.

The section in question, in substance, provides that questions of law decided against the State by the court in criminal trials shall, upon exceptions taken by the State, be allowed and placed upon the record before final judgment; that when so taken and allowed the trial court may, in its discretion, pass the same to this Court before final judgment, and that this Court shall hear and determine the questions raised upon such exceptions, and render final judgment thereon, or remand the case for further trial or other proceedings as justice and the state of the case may require.

In construing the statute in case of *State* v. *Felch,* we took occasion to say that the Legislature intended to provide a right of exception to the State equal in all respects to that possessed by the respondent; and held that the terms of the statute, rightly understood, authorize exceptions by the State reserving all questions arising during the course of the trial. Such being the purpose of the statute, it is evident that questions of law decided against the State are not confined to express decisions of this character, but may be either express or implied. Such is the interpretation given to the statute providing for review of trial errors on exception in civil cases and on exceptions by the respondent in criminal trials. This question has frequently arisen on exceptions to misconduct of counsel in argument. The following comparatively recent cases sufficiently illustrate the rule and its application. *Russ* v. *Good,* 90 Vt. 236, 97 Atl. 987; *State* v. *Shaw,* 89 Vt. 121, 94 Atl. 434, L. R. A. 1915 F, 1087; *Green* v. *LaClair,* 89 Vt. 346, 95 Atl. 499; *Fadden* v. *McKinney,* 87 Vt. 316, 89 Atl. 351; *Citizens Savings Bank* v. *Fitchburg Fire Ins. Co.,* 86 Vt. 267, 84 Atl. 970; *Davis* v. *Randall,* 85 Vt. 70, 81 Atl. 250; *Fowlie's Admx.* v. *McDonald, Cutler & Co.,* 85 Vt. 438, 82 Atl. 677; *Cunningham* v. *Bradford Agr. & Trot. Assn.,* 84 Vt. 35, 77 Atl. 913; *Herrick* v. *Town of Holland,* 83 Vt. 502, 77 Atl. 6; *McDuffee's Admr.* v. *B. & M. R. R.,* 81 Vt. 52, 69 Atl. 124, 130 Am. St. Rep. 1019; *Douglass* v. *Carr,* 80 Vt. 392, 67 Atl. 1089; *Sears* v. *Duling,* 79 Vt. 334, 65 Atl. 90; *Magoon* v. *B. & M. R. R.,* 67 Vt. 177, 31 Atl. 156; *Cutler & Martin* v. *Skeels,* 69 Vt. 154, 37 Atl. 228; *Smith Woolen Mch. Co.* v. *Holden,* 73 Vt. 396, 51 Atl. 2. *Rudd* v. *Rounds,* 64 Vt. 432, 25 Atl. 438, cited in *State* v. *Felch,* is full authority for applying the rule to the misconduct of counsel in the latter case. It comes to this: The allowance of the exception in question amounted to an implied

ruling that the repetition of the question was legally proper, and was tantamount to an express ruling to that effect.

The complaint, then, is not sustained. But it does not follow that the relator is to be remanded to her former custody. By the express provisions of G. L. 2236, the question of admitting her to bail necessarily arises. This question, therefore, remains for consideration.

The record shows that on the remand of the case against her from this Court for a new trial, she (then being on bail) appeared before the county court; whereupon she was by that court ordered into the custody of the sheriff of the county, and the clerk thereof was ordered to issue a warrant for her commitment to the keeper of the county jail; that such warrant was issued, and pursuant thereto she was committed to jail on December 3, 1918, and hitherto has been therein confined by virtue of said warrant. The order for her commitment being thus made, she filed a motion in that court, among other things, for admission to bail. This motion was denied as matter of law, to which the relator excepted, and the exception was ordered to lie. It hardly need be stated that we cannot review that ruling in these proceedings, but reference may properly be made thereto as showing the circumstances surrounding her at the time of bringing her complaint.

The Constitution of the State (Ch. II, § 32) provides that "all prisoners, unless in execution, or committed for capital offences, when the proof is evident or presumption great, shall be bailable by sufficient sureties." And the statute relating to *habeas corpus* (G. L. 2236) provides that, if the prisoner is detained for a bailable cause or offence, the court or magistrate before whom the proceedings are heard shall admit him to bail, if a sufficient amount thereof is offered, and, if not, shall remand him with an order fixing the sum in which he shall be held to bail, and the court at which he shall be required to appear; and a judge of the county court in the county where he is confined may, before the sitting of said court, admit him to bail pursuant to such order.

It is seen that a prisoner charged with any offence, unless in execution, or for a capital offence when the proof is evident or presumption great, is bailable as a matter of law; and also when the offence charged is capital, unless the proof is evident or presumption is great. This provision of the Constitution is

to be interpreted in the light of the common law.   *United States*
v. *Wong Kim Ark.*, 169 U. S. 649, 42 L. ed. 890, 18 Sup. Ct. 456.

At common law a person accused or indicted of any felony
whatsoever was bailable in the discretion of the court, upon good
sureties, until he was convicted.   *In re Commolli*, 78 Vt. 337, 63
Atl. 184.   It should seem from the foregoing that even where
the offence charged by indictment is a capital one, and the proof
evident or presumption great, the prisoner may be admitted to
bail in the discretion of the court having jurisdiction of the
question; but in this connection it should be stated that the dis-
cretion to be exercised by a court of justice is not an arbitrary,
but a sound, judicial discretion, controlled by certain and well
defined and established rules.

Ordinarily, in practice, bail is refused after indictment
found, in capital cases, where the proof of guilt is evident or
presumption great; but we are not called upon to define more
particularly the practice or controlling features in such cases
generally; for here a trial by jury was had, evidence produced
on both sides, resulting in a verdict of acquittal, though because
of error in the trial, as decided by this Court on the State's
exceptions, it proved to be a mistrial.   Such a mistrial is to be
considered as a circumstance extraordinary in character, which
is of much force in determining whether she shall be admitted
to bail.   It is generally considered as sufficiently favorable to
the accused to warrant the court, in the exercise of sound dis-
cretion, in admitting a prisoner to bail, and we so consider it
in this case.   Had the county court exercised its discretion in
determining the question, very likely we should leave the matter
as there determined, let it be either way, without further con-
sideration.   But the court did not so dispose of the question.   It
decided against the relator as a matter of law.   This it could
not lawfully do.   The relator was entitled to the benefit of the
court's judicial discretion, and it not being accorded her, she
was deprived of her right in that behalf.

*Because of this, and pursuant to the provisions of the statute
above noticed, the prisoner will be admitted to bail if a sufficient
amount thereof is offered with sufficient sureties.   Such bail not
being offered here, the prisoner is remanded to her former cus-
tody, with an order that she be held to bail in the sum of five
thousand dollars, with two or more good and sufficient sureties,*

*the recognizance or bond to be conditioned as provided by law in criminal cases pending in county court, for her personal appearance before the county court next to be held at Chelsea in the County of Orange, on the first Tuesday of June, 1919, and from term to term thereafter, to answer to the indictment there pending against her for the crime of murder, in accordance with the law in such case made and provided, to be admitted to bail as aforesaid, pursuant to the provisions of section 2236 of the General Laws of the State.*