Upon motion for rehearing it is said by appellants that we erred in holding that the statutes in question should be liberally construed, in that they are in derogation of the common law.
Where a statute is both remedial and in derogation of the common law it is usual to construe strictly the question of whether it does modify the common law, but its application should be liberally construed. Archer v. Equitable Loan Assurance Society, 218 N.Y. 18, 112 N.E. 433; Ex parte Dexter, 93 Vt. 304,107 A. 134; Chicago, B. Q.R. Ry. Co. v. Dunn, 52 Ill. 260, 4 Am.Rep. 606; Wolf v. Keagy, Del., 3 W.W.Harr. 362, 136 A. 520; Stem v. Nashville Interurban Ry., 142 Tenn. 494, 221 S.W. 192; Robinson v. Harmon, 157 Mich. 276, 122 N.W. 106.
"There are three points to be considered in the construction of all remedial statutes; the old law, the mischief, and the remedy; that is, how the common law stood at the making of the act; what the mischief was, for which the common law did not provide; and what remedy the parliament hath provided to cure this mischief. And it is the business of the judges so to construe the act as to suppress the mischief and advance the remedy." 1 Cooley's Blackstone, p. 86.
There is no merit in the contention that the so-called Bastardy Act (Sections 22-201 to 22-227 inclusive, Comp.Sts. 1929) "fixes the sole and full measure and limit of that which by operation of law may be enforced against or recovered from the estate of a father who has recognized his illegitimate child as an heir." The bastardy statutes have reference to the duties the father owes to his illegitimate child regarding support and maintenance after its paternity has been determined judicially, or by acknowledgement by the putative father in writing, or by the part performance of his obligation to support such child. It has no application to the descent and *Page 352 
distribution and inheritance of estates; in which case the writing must be made for the purpose of recognizing the child as an heir, but this is not so as to the Bastardy Act. The respective statutes do not have reference to the same subject of legislation.
We adhere to our original opinion.
It is so ordered.
SADLER, MABRY, and BICKLEY, JJ., concur.
ZINN, J., not participating.