## State of Vermont v. Earl D. Miner, Sr.

[ 241 A.2d. 64 ]

February Term, 1968

Present: Holden, C.J., Shangraw, Barney and Keyser, JJ.

Opinion Filed March 14, 1968

*Peter P. Plante* for the Petitioner.

*James W. Wright,* State's Attorney, for the State.

**Per Curiam.** The respondent is in confinement, following a trial and verdict of guilty in the Windsor County Court, on an indictment for murder in the first degree. The respondent's request to the county court for stay of judgment, sentence and execution was granted, pending his appeal to this Court. While awaiting completion of the record on appeal the respondent has requested this Court to fix and admit him to bail, pending disposition of the appeal.

At the hearing on the motion, the respondent contended that he is not committed for a capital offense under the penalties provided for homicide in 13 V.S.A. §2303 (a). Since judgment and sentence have been stayed, he maintains he is not "in execution." He asks this Court to grant his request for bail, citing Section 32, Chapter II of the Vermont Constitution and *In re Dexter,* 93 Vt. 304, 305, 107 A. 134.

The motion presented does not call upon us to determine the correctness of these contentions. The matter of bail in criminal causes passed to this Court is governed by statute.

13 V.S.A. §7556 provides:

*Bail when cause passed to supreme court—*

If a person is convicted of a bailable offense in a county or municipal court and the cause is passed to the supreme court, a

judge of such county or municipal court may take a recognizance to the state, with sufficient surety, for the personal appearance of the person before the supreme court, to answer to the prosecution, and thereupon direct the discharge of the person from commitment.

The discretionary power of allowing bail in criminal appeals, within the provisions of this statute, is confined to the judge or judges of the court where the appellant was convicted. *In re Comolli*, 78 Vt. 337, 341, 63 A. 184; See also 13 V.S.A. §7401. Since no power is conferred on the supreme court under its provision, the request is denied.

*Motion dismissed.*