2015 VT 22

**STATE of Vermont v. Michael J. MYERS**

[___ A.3d ___]

No. 08-112

¶ 1. April 9, 2008. Defendant Michael Myers appeals the Bennington District Court's order denying him bail. We affirm.

¶ 2. Defendant is charged with attempted first-degree murder. 13 V.S.A. § 2301.

The maximum sentence is life imprisonment. *Id.* § 2303(a)(1)(A); *id.* § 9(a). A defendant charged with an offense punishable by life imprisonment is not entitled to bail as a matter of right if the evidence of guilt is great. Vt. Const. ch. II, § 40; 13 V.S.A. § 7553; *State v. Avgoustov*, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). Evidence of guilt is great when substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show that defendant is guilty beyond a reasonable doubt. *State v. Duff*, 151 Vt. 433, 439, 563 A.2d 258, 263 (1989).

¶ 3. The State submitted an affidavit of Thomas Keith detailing the night of the incident. Counsel for defendant stipulated that the affidavit was admissible for the purposes of the bail hearing. According to the affidavit, defendant met Keith in late November or early December of 2007. For several months, defendant would occasionally show up at Keith's house, sometimes late at night, wanting to do drugs or borrow money. Keith would tell defendant that he was not interested. On March 4, 2008, defendant came to Keith's private residence late at night. Keith asked defendant to leave, but defendant refused. Defendant then twice threatened to kill Keith and his family, once stating that he intended to drive over Keith with his truck. Defendant then drove his truck at significant speed towards Keith. Keith dodged the truck and defendant drove into the mobile home at the location of the bedroom where Keith's infant daughter was sleeping. Defendant backed his truck up, and nearly ran over Keith as he drove away. The court reviewed the affidavit and found that, when taken in the light most favorable to the State, and excluding any modifying evidence, "there is sufficient evidence in this affidavit to support the charge of attempted murder." Thus, the court concluded that defendant was not entitled to bail as a matter of right. Defendant does not contest this conclusion.

¶ 4. Defendant does argue that the court did not properly exercise its discretion in denying bail. When the evidence of guilt is great in offenses punishable by life imprisonment, a presumption in favor of incarceration arises. *State v. Blackmer*, 160 Vt. 451, 454, 631 A.2d 1134, 1136-37 (1993). Trial courts retain the authority, however, to release a defendant on bail even when the defendant does not have a constitutional right to bail. *In re Dexter*, 93 Vt. 304, 315, 107 A. 134, 138 (1919). Release in such circumstance is reserved for extraordinary cases — when the court "is fully convinced that the defendant will abide by the conditions that would be imposed if defendant were released." *Blackmer*, 160 Vt. at 459, 631 A.2d at 1139. In determining whether to allow bail, the court must exercise sound judicial discretion after giving defendant an opportunity to be heard. *Id.* at 458, 631 A.2d at 1139. Though the trial court's discretion is extremely broad, its decision cannot be arbitrary. *Id.*

¶ 5. At the bail hearing, the State argued that the court should deny defendant bail because of his extensive criminal record and the severity of the punishment he faced. The State argued that defendant posed a danger to the community and was a very significant flight risk. The State cited defendant's many violations of court orders and his conviction for escape. Defendant urged the court to allow bail. In support of this position, defendant presented one witness who testified that defendant was born and raised in Bennington and had family connections in that area. Defendant offered explanations for his criminal record and argued that conditions of bail could adequately protect the community and ensure his appearance in court.

¶ 6. After hearing argument from both sides, the court concluded that the presumption in favor of holding defendant without bail was not outweighed by his ties to the community. The court did not doubt that defendant had strong ties to the community, but concluded that the facts alleged in the affidavit and defendant's extensive criminal record — including a "history of significant violence and substance abuse leading to assaults and injuries to other people" — supported incarceration.

¶ 7. After reviewing the record, we conclude that the court gave defendant a fair opportunity to be heard, exercised sound judicial discretion, and reached a non-arbitrary decision that must be affirmed.

*Affirmed.*