FEIN v. WYOMING LOAN & TRUST CO.

(February 5, 1890.)

AGISTER'S LIEN.

1. Rev. St. Wyo. § 1470, provides that "any ranchman, farmer, agister, or herder, * * * to whom any horses, mules, asses, cattle, or sheep shall be intrusted, for the purpose of feeding, herding, pasturing, or ranching, shall have a lien upon said horses, mules, asses, cattle, or sheep for the amount that may be due for such feeding, herding, pasturing, or ranching, and shall be authorized to retain possession of such horses, mules, asses, cattle, or sheep until the said amount is paid." *Held,* that wagons, ox yokes, and chains. as they do not belong to either of the classes of property named in the statute, are not subject to an agister's lien.

2. Where an agister causes property subject to his lien to be taken in execution at his own suit, and assents to the officer's taking possession thereof, he thereby surrenders his lien.

Error to district court, Albany county. Replevin by one Fein against the Wyoming Loan & Trust Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. H. Fishback,* for plaintiff in error. *Brown, Blake & Arnold,* for defendant in error.

VAN DEVANTER, C. J. This was an action of replevin in the court below, brought by the plaintiff in error against the defendant in error, to recover the possession of certain cattle, wagons, ox yokes, and chains. In his petition the plaintiff claimed to have a special ownership in the property, and to be entitled to its possession, by reason of having an agister's lien thereon. Upon a trial by the court, the following facts appeared: On April 19, 1887, George L. Stokes, the owner of the property in question, executed a chattel mortgage thereon to the Wyoming Loan & Trust Company to secure the payment of an indebtedness owing by him to the company, and this mortgage was duly recorded within a few days thereafter. On December 6, 1887, the property was delivered by Stokes to the plaintiff under a contract of agistment, and at the time of trial the sum of $434.50 was due to the plaintiff under such contract. While the property was still in the plaintiff's possession, he sued Stokes in a justice's court, and converted a part of the claim into a money judgment. The plaintiff then caused an execution to be issued on the judgment, and, under his direction, the constable levied the same upon the property in controversy, and took possession thereof. After the levy by the constable, the chattel mortgage being unpaid, and a condition thereof being broken, the loan and trust company brought a suit in replevin against the constable, and obtained possession of the property. The plaintiff then brought this action against the loan and trust company, claiming that his agister's lien was prior in law to that of the chattel mortgage. The court found for the defendant, and entered judgment in its favor. The plaintiff moved for a new trial, alleging that the decision was contrary to law, and, the motion being overruled, he now seeks a reversal of the judgment.

The only question presented by the record is as to whether the plaintiff, at the time of the commencement of the action, had a lien upon the property described in the petition. Section 1470, Rev. St. Wyo., provides: "Any ranchman, farmer, agister, or herder, * * * to whom any horses, mules, asses, cattle, or sheep shall be intrusted for the purpose of feeding, herding, pasturing, or ranching, shall have a lien upon said horses, mules, asses, cattle, or sheep for the amount that may be due for such feeding, herding, pasturing, or ranching, and shall be authorized to retain possession of such horses, mules, asses, cattle, or sheep until the said amount is paid." By enumerating the property to which the lien may attach, the statute excludes from its operation all property other than that so enumerated. The wagons, ox yokes, and chains do not belong to either of the classes of property named in the statute, and cannot be the subject of an agister's lien. Section 1482, Rev. St. Wyo., provides: "No mortgage on personal property shall be valid as against the rights and interest of any person entitled to a lien under the provisions of this law;" and the plaintiff contends that this section makes a chattel mortgage subordinate to an after-acquired agister's lien.

Waiving any question as to the effect of section 1482, continued possession is essen-

tial to the assertion of a lien of this sort. The lien being "founded upon possession, it must ordinarily cease when the possession ceases." Story, Ag. § 367. If one voluntarily parts with the possession of the property, the lien is thereby lost. When the plaintiff caused the property subject to his lien to be taken in execution at his own suit, and assented to the officer's taking possession thereof, he voluntarily relinquished his right to the possession of the cattle, and thereby surrendered his lien. Jacobs v. Latour, 5 Bing. 130; Wingard v. Banning, 39 Cal. 543; Story, Ag. 367. The judgment of the trial court is affirmed.

CORN and SAUFLEY, JJ., concurred.