No. 9988.

HILL *v.* RHULE, ET AL.

Decided January 9, 1922. Rehearing denied March 6, 1922.

Action for conversion of horses. Judgment for defendants.

*Reversed.*

1. APPEAL AND ERROR—*Record.* The record and bill of exceptions are sufficient to authorize a review where the record shows a final judgment, although the clerk's certificate reads, "all court orders."

2. LIENS—*Agisters.* It is essential to the attachment of the lien, that the agister should have possession and control of the animals.

3. *Agister's—Chattel Mortgage.* The lien of a prior chattel mortgage is superior to that of an agister.

4. *Agisters—Wrongful Possession.* There can be no agister's lien founded on wrongful possession.

5.      *Agisters—Attachment.* One who has a lien for the care of live stock, waives it by suing for the amount of the debt and causing the property covered by the lien to be attached.

6.   APPEAL AND ERROR—*Instructions.* It is error for the trial court to refuse to give proper instructions when requested.

*Error to the District Court of Lincoln County, Hon. Arthur Cornforth, Judge.*

Messrs. GOUDY & GOUDY, Mr. THOMAS MCGOVERN, for plaintiff in error.

Mr. CHAS. H. BEELER, Mr. FLOYD J. WILSON, Mr. FREDERICK SASS, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

PLAINTIFF below, Dell Hill, brought this action against F. J. Rhule and others for damages for conversion of fourteen head of horses. The defendants for their affirmative defense alleged that the stock "is in the possession of one of the defendants, to-wit. F. J. Rhule," and that his right to possession is founded upon an agister's lien. Trial was to a jury. Plaintiff's motion for a directed verdict was denied.. Verdict was for defendants. Plaintiff brings error.

Some questions are raised by defendants in error regarding the sufficiency of the record and the bill of exceptions to authorize a review by this court of the cause. We find the record and bill sufficient. The record shows a final judgment, and it is to be regarded as such although the clerk's certificate uses the term "all court orders."

The principal contention of the plaintiff in error is that under the undisputed facts, the defendant Rhule lost or waived his agister's lien, if he ever had one, and therefore did not establish his defense.

On May 26, 1918, plaintiff left the horses on a farm in Lincoln County in the care and custody of the defendant Rhule. Thereafter defendant removed the property to Kit Carson County. On October 5, 1918, a mortgagee of

the horses took possession of them and took them back to Lincoln County. Defendant surrendered possession of the stock to the mortgagee without making any attempt to preserve his lien, if that could be done. He thus lost his agister's lien. It is essential to the attachment of the statutory lien that the agister should have possession and control of the animals. *Auld v. Travis,* 5 Colo. App. 535, 39 Pac. 357; *Tabor v. Salisbury,* 3 Colo. App. 335, 33 Pac. 190; 3 C. J. 33. The defendant Rhule lost possession and control when the mortgagee assumed it, and so the agister's lien was lost. The defendant could not, even if he desired, retain possession, because the chattel mortgage was in force before any agister's lien accrued. The holder of the chattel mortgage was not divested of his lien by any claim of the agister. *Ellison v. Tuckerman,* 24 Colo. App. 322, 134 Pac. 163; *Rohrer v. Ross,* 53 Colo. 328, 125 Pac. 489, Ann. Cas. 1914B, 315.

Neither the mortgagee nor the owner nor any one on their behalf ever returned the horses to defendant Rhule. He regained possession of the animals by suing out a writ of attachment in a justice court in a proceeding, not against plaintiff, but against one E. A. Hill. If such proceedings were void, and they are regarded in the briefs on both sides as void, then the possession thus obtained or regained was wrongful, and there can be no agister's lien founded on wrongful possession. 3 C. J. 33. Nor does wrongful possession revive any lien.

Again, defendant lost his lien by instituting the proceedings in the justice court against E. A. Hill. They were inconsistent with any claim against plaintiff. They were upon the same alleged debt. In *Crismon v. Barse, etc. Co.,* 17 Okla. 117, 87 Pac. 876, it was held that one who has a lien for pasturing live stock, waives such lien by suing for the amount of the debt and causing the property covered by the lien to be attached. The court said:

"Where one by contract or statutory provisions has a special lien upon property to secure the payment of a debt, he must either enforce his lien or he may attach the prop-

erty, if legal grounds exist therefor, but he cannot acquire both liens on the same property to secure the payment of the same debt. They are inconsistent, and cannot coexist in favor of the same person."

To the same effect is *Fein v. Wyoming L. & T. Co.,* 3 Wyo. 331, 22 Pac. 1150.

Under the authorities above cited, it is clear that the verdict for the defendant is not supported by the evidence, and furthermore, it is error to refuse to give plaintiff's requested instruction reading as follows:

"The court instructs the jury that if they believe from the evidence that the defendant Rhule was entitled to an agister's lien, but sued for the amount of the debt and caused the property carried by the lien to be attached, that the defendant Rhule thereby lost his lien."

For the errors above indicated, the judgment is reversed, and the cause remanded for new trial, on the question of damages only.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON concur.